2
6/22/01
sfg

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

| | |
|---|---|
| Michael A. Shaffer, | } No. _01- 2664_ *Civil Term* |
| Plaintiff, | } |
| | } |
| v. | } |
| | } Judge _____ |
| Susan Graybill as an individual | } |
| and as Administratrix of the | } |
| Estate of Dennis M. Graybill; | } |
| Minuteman Press | } |
| International, a New York corpor- | } |
| ation; and Robert Emmett | } |
| Defendants. | } Jury Trial Demanded |

**1 : CV- 01 -1065**

*g Rambo*

**FILED**
**HARRISBURG**

**NOTICE TO DEFEND**

JUN 2 1 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**Notice**

You have been sued in court.  If you wish to defend against these claims, you must take action
within twenty (20) days after this complaint and notice are served by entering an appearance
personally or by an attorney and filing in writing with the Court your defenses or objections. **You
are warned that if you fail to do so the case may proceed without you and a judgment may
be entered against you by the court without further notice.  A judgment may also be
entered against you for any other claim or relief requested by the plaintiff.  You may lose
money or property or other rights important to you.**
**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Cumberland County Lawyer Referral Service**
**Cumberland County Bar Association**
**2 Liberty Avenue**
**Carlisle, PA 17013**
**(717) 249-3166**
**1-800-990-9108**

**AVISO**

Usted ha sido domandado en corte. Si usted quiere defenderse en contra de estas demandas, usted debe tomar accion dentro de viente (20) dias despues que esta queja y aviso sean servidos, registrando una comparacencia personalmente o por su abogad y llenando en esccrito en la corte su defensa u objectiones con la corte. **Usted esta advertido que si fallah de hacerlo, el casa puede seguir sin usted y un desicion pued ser registrado en contra suya por la corte sin ningun otra aviso. Ademas, la corte pued decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importante para usted.**
**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO NO PUEDE PAGAR UNO VAYA O LLAME POR TELEFONO A LA OFFICINA ESCRITA ABAJO PARA AVERIGULAR DONDE USTED PUED CONSEQUIRE ASSISTANCIA LEGAL.**

Cumberland County Lawyer Referral Service
Cumberland County Bar Association
2 Liberty Avenue
Carlisle, PA 17013
(717) 249-3166
1-800-990-9108

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

| | |
|---|---|
| Michael Shaffer, | } No. _01- 2664 Civil Term_ |
|        Plaintiff, | } |
| | } |
|   v. | } |
| | } |
| Susan Graybill as an individual | } Judge _____ |
| and as Administratrix of the | } |
| Estate of Dennis M. Graybill, | } |
| Minuteman Press International, | } |
| Inc., and Robert Emmett | } |
|        Defendants. | } Jury Trial Demanded |

**Complaint in Law with Action for Declaratory Judgment**

Comes now Plaintiff and complains of each Defendant as follows.

**Parties, Jurisdiction and Venue**

1. Plaintiff is Michael Shaffer who resides at 88 Bentz Mill Road, East Berlin, PA 17316.

2. Defendant Susan Graybill is an individual who operated a Minuteman Press franchise in Lemoyne, PA, and may be served in person at 1145 Highland Drive, Mechanicsburg, PA 17055.

3. Defendant Susan Graybill as Administratrix of the Estate of Dennis M. Graybill, deceased, may be served in person at 1145 Highland Drive, Mechanicsburg, PA 17055.

4. Defendant Minuteman Press International, Inc. (hereafter MMPI) is a New York corporation with its home office in Farmingdale, New York.  It may be served by certified mail addressed to its registered agent, Peter T. Bauer, General Counsel, Minuteman Press International, Inc., 1640 New Highway, Farmingdale, NY 11735.

5. Defendant Robert Emmett is an individual and representative of MMPI and maintains

an office in Wayne, PA.  He may be served in person at 489 Devon Park Drive, Suite 307,

Wayne, PA 19087.

6.  The court has jurisdiction over these proceedings because the Minuteman Press

franchise sold to Plaintiff by Defendants Graybill is located in Cumberland County and the

amount in controversy exceeds the minimum jurisdictional amounts of the court.

7.  The court has venue over these proceedings because all or part of the cause of action

arose in Cumberland County and Defendants Graybill maintained a place of business in

Lemoyne, Cumberland County, PA, and reside in Cumberland County, PA.

**Facts Common to All Counts**

8. On or about August, 2000, Defendants Graybill were operating a Minuteman

Press franchise in Lemoyne under contract with Defendant MMPI. Defendants Graybill were

desirous of selling the franchise to Plaintiff and did so on September 6, 2000.  Plaintiff entered

into various contracts with Defendants Graybill, Defendant MMPI  in pursuance of the purchase

of the franchise.

**Count I**

9.  This count sounds in tort.

10.  Throughout the relevant time frame alleged in Paragraph 9, all Defendants entered

into a conspiracy with one another to unload a failing business on Plaintiff by agreeing to

materially defraud Plaintiff by falsely inducing him to enter into a contract to purchase and to

purchase the Minuteman Press franchise located in Lemoyne, PA.  Defendant Emmett was the

regional representative of Defendant MMPI and had authority speak for and to bind the

corporation.

11. Defendants Graybill were the owners of the franchise. Defendants Graybill made material misrepresentations as to the financial viability of the franchise and these were made to falsely induce Plaintiff to purchase the Minuteman Press franchise of Lemoyne as an ongoing and viable enterprise with sufficient income to pay expenses and support the store owner and two employees.

12. Defendants Graybill conspired with one another, MMPI and Emmett to represent the Lemoyne franchise as a viable entity that would make a profit and that Plaintiff would start seeing those profits within three months. Defendants Graybill materially misrepresented the financial viability of the Lemoyne franchise. Defendants MMPI and Emmett materially assisted Defendants Graybill to do so. Defendants MMPI and Emmett also made material misrepresentations to induce Plaintiff to purchase the franchise and materially assisted Defendants Graybill in unloading an unprofitable franchise on Plaintiff; these misrepresentations were made by Defendant Emmett, MMPI's regional representative.

13. The following misrepresentations were made by one or more of the Defendants:

a. Defendants Graybill materially misrepresented the financial viability of the Lemoyne franchise by representing that monthly operating expenses were in the range of $7,000.00 when in fact monthly operating expenses were in the range of $12,000.00. Plaintiff expressly obtained copies of the checks written for expenses by the franchise and refused to purchase the franchise because the operating expenses were too high at $12,000.00 per month. Defendant Emmett represented to Plaintiff in response that many of the checks were for personal expenditures and that the operating expenses for the franchise were only $7,000.00 per month. Defendants Graybill confirmed Emmett's misrepresentation. This was a very

material factor to Plaintiff because the franchise's monthly income was only in the $5,000.00

range.

b. Defendant Emmett materially misrepresented the financial viability of the Lemoyne franchise by representing that Plaintiff need earn only $2,000.00 per month over and above what the franchise was bringing in in order to make a profit when in fact Plaintiff needed more than $7,000.00 more per month in gross sales just to break even.

c. Defendants MMPI and Emmett materially misrepresented to Plaintiff the financial viability of the Lemoyne franchise by making the same representations as set forth in Paragraphs 13a and 13b. Said Defendants conspired with Defendants Graybill to make these misrepresentations.

d. Defendants MMPI and Emmett materially misrepresented to Plaintiff that he would not only be able to meet expenses within a very short period of time but that he would also realize a gross profit of 30% of gross sales within that same time merely by following MMPI's marketing program, which was to make twenty new contacts per day. Plaintiff did so but was unable to make a profit on the franchise.

e. Defendants MMPI and Emmett materially misrepresented to Plaintiff that the only reason why the Lemoyne franchise was not already making a profit was because Defendant Dennis M. Graybill, now deceased, was not able due to his poor health to make enough marketing calls to generate additional sales.

14. Plaintiff was damaged by these misrepresentations in the loss of the amounts that he paid to Defendants Graybill to purchase the franchise, in the amounts that he paid Defendant MMPI for the transfer of the franchise and to attend its school for new owners, and in the loss of working capital and the amounts that had to be borrowed to operate the franchise from month to month. Consequential damages were suffered by Plaintiff in the amounts that he could not earn

because he was devoting his full time to operation of the franchise instead of his former

employment as well as amounts he owes to his landlord and Textron Financial Corporation from

contracts that were necessitated by his purchase of the franchise. Further consequential damages

stemmed from the inevitable loss of credit reputation when he was unable to repay the money he

borrowed to keep the franchise operating from month to month.

### Count II

15. On or about September 1, 2000, Plaintiff entered into a written contract with

Defendant MMPI which was labeled as the Franchise Agreement. Immediately upon entering

the Agreement, Plaintiff was sent to New York for an explanation of what to do to make the

franchise viable. He was promised in writing all needed technical assistance and advice. This

assistance and advice was based on the express corporate formula that if the franchisee did what

MMPI told him to do, he would meet expenses and make a profit. Plaintiff was expressly told by

MMPI that all he would have to do was manage the franchise, make twenty cold calls a day,

leave all work to the employees, and, by doing so, he would make significant profits. These

promises were made in order to induce Plaintiff to enter into the franchise agreement and were

again made in the training school in New York. These promises were made in the Franchise

Agreement or were made in supplementation of the written agreement or were made in order to

induce Plaintiff to enter into the written agreement. In other words, follow our program and you

will realize a pretax profit of one third of your gross sales.

16. These promises were breached by MMPI. At no time was the income from the

franchise sufficient to even meet expenses and within six months of purchasing the franchise,

Plaintiff was forced to close his doors due to excessive expenses.

18. Damages that flow from these breaches of contract and false promises include the

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

Michael A. Shaffer                 } No. _01-2664 Civil Term_
        Plaintiff,            }
                               }
    v.                       } Judge _____
Susan A. Graybill, et al.,         }
        Defendants.          } Jury Trial Demanded

### NOTICE TO DEFEND

### Notice

You have been sued in court. If you wish to defend against these claims, you must take action within twenty (20) days after this complaint and notice are served by entering an appearance personally or by an attorney and filing in writing with the Court your defenses or objections. **You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice. A judgment may also be entered against you for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**
**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**York County Lawyer Referral Service**
**137 E. Market Street**
**York, PA 17401**
**(717) 854-8755**

## AVISO

Usted ha sido domandado en corte. Si usted quiere defenderse en contra de estas demandas, usted debe tomar accion dentro de viente (20) dias despues que esta queja y aviso sean servidos, registrando una comparacencia personalmente o por su abogad y llenando en esccrito en la corte su defensa u objectiones con la corte.  **Usted esta advertido que si fallah de hacerlo, el casa puede seguir sin usted y un desicion pued ser registrado en contra suya por la corte sin ningun otra aviso. Ademas, la corte pued decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propriedades u otros derechos importante para usted.**
**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO NO PUEDE PAGAR UNO VAYA O LLAME POR TELEFONO A LA OFFICINA ESCRITA ABAJO PARA AVERIGULAR DONDE USTED PUED CONSEQUIRE ASSISTANCIA LEGAL.**

York County Lawyer Referral Service
137 E. Market Street
York, PA 17401
(717) 854-8755

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

| | |
|---|---|
| Michael A. Shaffer | } No. 2001-2664 Civil Term |
|        Plaintiff, | } |
| | } |
|    v. | } |
| | } |
| Susan Graybill | } |
| et al., | } |
|        Defendants | } Jury Trial Demanded |

**Plaintiff's First Amended Complaint with Action for Declaratory Judgment**

Comes now Plaintiff and amends his Complaint with Action for

Declaratory Judgment and states the following additional causes of action:

**Count VI**

32. Plaintiff's Complaint is incorporated herein by reference, the same

as if fully set forth herein.

33. In the Disclosure Document of Minuteman Press International, Inc. which

which was required by FTC rules and is dated August, 1999, the following disclosure is made on

page 12 about an FTC action against Defendant MMPI and others:

> <u>Federal Trade Commission, Plaintiff, v. Minuteman Press International, Inc., Speedy Sign-A-Arama, USA, Inc., Roy W. Titus and Jeffrey Haber, Defendants</u> (CV 93-2496) Filed on June 4, 1993, in the United States District Court, Eastern District of New York. On December 18, 1998, an injunction was filed prohibiting the Defendant's excluding Haber from doing the following: A. Making, or assisting in the making of, expressly or by implication, orally or in writing, to any prospective franchisee any statement of past, present or future sales, income, or gross or net profits of any existing or prospective franchisee or group of franchisees, unless at the time of making such representation the defendant possesses written material that provides a reasonable basis for the representation. B.Violating any provision of the Rule 16 C.F.R. Part 436 or the rule as it may later be amended and the disclosure requirements of the UFOC in effect at the time.

C. Assessing or collecting a transfer/training fee from any franchisee who sells or assigns its franchise unless the selling franchisee received a copy of a disclosure statement indicating that such fee would be charged. D. Failing to monitor and investigate any complaints about compliance with the rule or the injunction. E. To cooperate with the Commission in the enforcement of this injunction.

Section A of this disclosure relates to precisely the same marketing methods and misrepresentations that are set forth in Counts I through IV of the Plaintiff's Complaint, which are incorporated herein by reference. The disclosure omits material facts and is affirmatively misleading.

34.  Defendant MMPI's misrepresentations, omissions, false statements, actions and inactions  violate state blue sky laws, federal FTC rules, federal securities laws, the criminal law of the Commonwealth of Pennsylvania, and federal criminal law.  Not only has MMPI violated civil law but also criminal law in the manner in which it falsely induced Plaintiff to purchase the existing Minuteman franchise in Lemoyne.

35.  Defendant Emmett materially assisted MMPI to do or fail to do those actions set forth in Paragraph 34.

36.  Defendants Graybill may or may not have assisted MMPI and Emmett to do or fail to do those actions set forth in Paragraph 34.  Defendants Graybill materially assisted Defendants MMPI and Emmett to  market by unlawful methods as set forth in Counts I through IV of the Plaintiff's  Complaint and has therefore assisted the latter Defendants to violate state blue sky laws, federal FTC rules, and federal securities laws and state and federal criminal laws..

37. In particular, the following written misrepresentations or omissions to state material facts needed  to make the misrepresentation true have been made or not made with respect to the Disclosure Statement disclosure of then existing litigation as set forth in Paragraph 33:

g. MMPI failed to disclose that the FTC was seeking hefty monetary damages to those prospective franchisees who suffered monetary damage from the violation of the federal consumer protection and franchise disclosure laws.

h. MMPI failed to disclose that the FTC accused MMPI and its sales force of an unlawful pattern of providing false and unsubstantiated information about earnings to people interested in buying one of MMPI's franchises.

i. MMPI failed to disclose that the FTC was attacking its written disclaimer statement that no earnings claims were made or authorized by MMPI as being unenforceable in the FTC action.

j. MMPI failed to disclose that the contradiction between its written disclaimers and a franchisor's actual practices was a violation of the FTC Act. The actual practices in this case were committed by Defendants Graybill, MMPI and Emmett.and certain unnamed co-conspiratorss in MMPI's home office.

k. MMPI failed to disclose that the FTC was complaining about the common-sense net impression from its actions in marketing its franchises that the purchaser was being furnished important specific earnings claims information to assist in the decision making process, notwithstanding the general disclaimers about earnings..

38. Defendants are therefore estopped from relying on their disclaimer clauses in their contracts with Plaintiff as a defense made to the claims of Plaintiff by collateral estoppel and their own misrepresentations made as part of a common scheme to defraud purchasers of MMPI franchises that the purchaser was being furnished important specific earnings claims information to assist in his decision making process and then forcing the purchaser to sign a bald faced lie that the precise information had not been provided. Plaintiff. The conspiracy between

Defendants Graybill, Emmett and MPI was so specific that all

Defendants are liable for all misrepresentations and the actions and inactions of one another, the

same as if they had performed the misrepresentations, actions and inactions as an individual.

### Count VII

39. This Count sounds in equity.

40. Plaintiff was presented with a written Franchise Agreement which affirmatively

requires him to seek non-binding arbitration of his claims against MMPI. This clause is a

contract of adhesion, since Plaintiff simply had no bargaining power when he entered into the

Agreement. The contract was dictated by MMPI on a take it or leave it basis; no input from

Plaintiff was permitted; this clause is required of all who wish to purchase a franchise from

MMPI. In addition, under all the circumstances of this case, it would be inequitable to enforce

this provision of the contract because this clause was designed by MMPI to further its unlawful

schemes and activities as set forth in the other Counts of this action

41. Plaintiff aks the court for a declaratory judgment canceling that clause of the contract

and for rescission of the contract.

Wherefore, in addition to the relief requested in Plaintiff's Complaint

with Action for Declaratory Judgment, Plaintiff requests such other and further relief at law and

in equity as arise from these additional Counts together with a declaratory judgment that the

arbitration clause of the MMPI contract with Plaintiff be rescinded.

### Notice to Plead

**Plead to the First Amended Complaint within 20 days of service or default judgment may**

**be entered against you.**

Respectfully Submitted,

*Robert White*

Robert J. White
Counsel for Plaintiff
PO Box 3005
York, PA 17402
(717) 699-4534
FAX (717) 699-2895

## Certificate of Service

The undersigned certifies that he has mailed a copy of this First Amended Complaint with Action for Declaratory Judgment to each Defendant on May 19, 2001 by first class mail addressed as follows:

MMPI by serving Peter T. Bauer, General Counsel, Minuteman Press International, Inc., 1640 New Highway, Farmingdale, NY 11735

Defendant Robert Emmett at 489 Devon Park Drive, Suite 307, Wayne, PA 19087

*Robert White*

Robert J. White

## Verification

I verify that the facts contained in this First Amended Complaint with Action for Declaratory Judgment are true and correct to the best of my knowledge, information and belief.  I understand that any false statements are made subject to the penalties of 18 Pa.C.S.A. Sec. 4904 relating to unsworn falsification.

_____
Michael Shaffer

**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**
**By:  Harris J. Chernow**
**PA I.D. No.:  52577**
**By:  Arthur L. Pressman**
**PA I.D. No.:  10124**
**By:  John J. Jacko, III**
**PA I.D. No.:  67477**
**Eleven Penn Center, 14th Floor**
**1835 Market Street**
**Philadelphia, PA  19103-2985**
**(215) 665-3854**

**Attorneys for Defendants
Minuteman Press International, Inc. and
Robert Emmett**

---

| | |
|---|---|
| MICHAEL A. SHAFFER, | :  COURT OF COMMON PLEAS OF |
| | :  CUMBERLAND COUNTY, |
| Plaintiff, | :  PENNSYLVANIA |
| | : |
| v. | : |
| | :  DOCKET NO.:  2001-2664 |
| SUSAN GRAYBILL AS INDIVIDUAL AND AS | : |
| ADMINISTRATRIX OF THE ESTATE OF | : |
| DENNIS M. GRAYBILL;. | : |
| MINUTEMAN PRESS INTERNATIONAL, INC., | : |
| and ROBERT EMMETT, | : |
| | : |
| Defendants. | : |

## <u>NOTICE THAT ACTION HAS BEEN REMOVED</u>

TO:    Prothonotary
Court of Common Pleas
Cumberland County, Pennsylvania

Robert J. White, Esquire
P.O. Box 3005
York, PA 17402

Marvin Beshore, Esquire
Milspaw & Beshore
130 State Street
P.O. Box 946
Harrisburg, PA  17108-0946

PLEASE TAKE NOTICE that on this 13th day of June 2001, Defendants Minuteman

Press International, Inc. ("Minuteman Press") and Robert Emmett have, pursuant to federal law,

filed with the Clerk of the United States District Court for the Middle District of Pennsylvania,

the attached copy of their Notice of Removal in the Court of Common Pleas of Cumberland

County, Pennsylvania.  Pursuant to 28 U.S.C. §1446(d), this court is respectfully requested to

proceed no further in this action, unless and until the action is remanded by the United States District Court. Notice of the Removal has also been given to all of the other parties in this action.

This action was removed to the United States District Court under the authority of 28 U.S.C. §1446.

Harris J. Chernow
Arthur L. Pressman
John J. Jacko, III
PA I.D. Nos.: 52577/10124/67477
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
11 Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
Phone: (215) 665-8700
Fax: (215) 665-8760

Dated: June 15, 2001

JS 44
(REV. 07/89)

# CIVIL COVER SHEET

**APPENDIX B**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provid by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati the civil docket sheet. **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

## I (a) PLAINTIFFS

MICHAEL A. SHAFFER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

_____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

SUSAN GRAYBILL AS AN INDIVIDUAL AND AS ADMINISTRATRIX OF THE ESTATE OF DENNIS M. GRAYBILL, MINUTEMAN PRESS INTERNATIONAL, INC.; AND ROBERT EMMETT

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**RECEIVED**

JUN 15 2001

PER _____
HARRISBURG, PA.    DEPUTY CLERK

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HARRIS J. CHERNOW, ESQUIRE
ARTHUR L. PRESSMAN, ESQUIRE
JOHN J. JACKO, III, ESQUIRE
BUCHANAN INGERSOLL, PC
1835 MARKET STREET
11 PENN CENTER; 14TH FLOOR
PHILADELPHIA, PA 19103
215-665-8700

ATTORNEYS (IF KNOWN)
ROBERT J. WHITE, ESQUIRE
P.O. BOX 3005
YORK, PA 17402

MARVIN BESHORE, ESQUIRE
MILSPAW AND BESHORE
130 STATE STREET
P.O. BOX 946
HARRISBURG, PA 17108-0946

## II. BASIS OF JURISDICTION (PLACE AN X IN BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PLT | DEF |  | PLT | DEF |
|---|---|---|---|---|---|
| Citizen of This Sate | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This Sate | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | State Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUITE *(PLACE AN X IN ONE BOX ONLY)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury- Med Malpractice<br>☐ 365 Personal Injury- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influence and Corrupt Organizations<br>☐ 810 Selective Service<br>☒ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts |
|  |  |  | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | | |
|  |  |  | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA(1395F)<br>☐ 862 Black Lung (932)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  |  |
|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 501 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other | ☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |
|  |  |  |  | ☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |

## V ORIGIN    (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICIONAL STATUES UNLESS DIVERSITY.)

"FEDERAL FTC RULES, FEDERAL SECURITIES LAWS...FEDERAL CRIMINAL LAW"

## VII. REQUEST IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** _____

Check YES only if demanded in complaint
**JURY DEMAND:**    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
**6-15-01**

SIGNATURE OF ATTORNEY OF RECORD
*John J. Jacko III*

UNITED STATES DISTRICT COURT

## NOTICE OF JUDICIAL ASSIGNMENT

This case has been assigned to the Judicial Officer indicated below. Counsel and all parties are advised that there is an Office of the Clerk in the Federal Courthouses in Scranton, Harrisburg and Williamsport, Pennsylvania. Please file all pleadings directly with the Clerk's Office in which the Judicial Officer is stationed. Do not file any courtesy copies with the court.

In accordance with the local rules, counsel will file the original and two copies of all pleadings, motions, memoranda and other documents except discovery material, with the Clerk's Office. Counsel should file any additional copies with the Clerk's Office as may be required by the Local Rules, an Order of Court, or as required by the assigned Judicial Officer listed below.

### JUDICIAL ASSIGNMENT

\_\_\_\_\_ Judge Thomas I. Vanaskie

\_\_\_\_\_ Judge A. Richard Caputo

\_\_\_\_\_ Judge James M. Munley

\_\_\_\_\_ Judge William J. Nealon

\_\_\_\_\_ Judge Richard P. Conaboy

\_\_\_\_\_ Judge Edwin M. Kosik

### CLERK'S OFFICE ADDRESS

William J. Nealon Federal Building &
U.S. District Courthouse
235 N. Washington Avenue
P.O. Box 1148
Scranton, Pennsylvania 18501
(570) 207-5600

---

✗ Judge Sylvia H. Rambo

\_\_\_\_\_ Judge Yvette Kane

\_\_\_\_\_ Judge William W. Caldwell

U.S. District Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania 17108
(717) 221-3920

---

\_\_\_\_\_ Judge James F. McClure

\_\_\_\_\_ Judge Malcolm Muir

U.S. District Courthouse
240 W. Third Street
P.O. Box 608
Williamsport, Pennsylvania 17701
(570) 323-6380

---

NOTE: This case has been referred to the U.S. Magistrate Judge noted below. Please file all documents at the location indicated.

\_\_\_\_\_ Magistrate Judge J. Andrew Smyser          Harrisburg Address

\_\_\_\_\_ Magistrate Judge   Malachy Mannion          Scranton Address

\_\_\_\_\_ Magistrate Judge Thomas M. Blewitt          Scranton Address

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. SHAFFER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 1-CV- 1065 |
| SUSAN GRAYBILL AS AN INDIVIDUAL AND | : (Judge _____ ) |
| AS ADMINISTRATRIX OF THE ESTATE OF | : |
| DENNIS M. GRAYBILL, | : |
| MINUTEMAN PRESS INTERNATIONAL, INC., | : |
| and ROBERT EMMETT, | : |
| Defendants. | : |

**1:CV-01-1065**

FILED
HARRISBURG

JUN 1 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### NOTICE OF REMOVAL

**AND NOW**, Defendants Minuteman Press International, Inc. ("Minuteman Press") and

Robert Emmett, by and through their counsel, Buchanan Ingersoll Professional Corporation, and

pursuant to 28 U.S.C. § § 1331, 1367, 1441 and 1446, hereby provide Notice of Removal of this

action from the Court of Common Pleas of Cumberland County, Pennsylvania to the United

States District Court for the Middle District of Pennsylvania. As grounds thereof, Minuteman

Press and Robert Emmett state as follows:

1.    This is an action of a civil nature in which the District Courts of the United States

have been given original jurisdiction in that it arises under the laws of the United States within

the meaning of 28 U.S.C. §1331.

2.    Minuteman Press and Robert Emmett are defendants in a civil action filed in, and presently pending before, the Court of Common Pleas of Cumberland County, Pennsylvania. captioned *Michael A. Shaffer v. Susan Graybill as an individual and as Administratrix of the Estate of Dennis M. Graybill; Minuteman Press International, a New York corporation; and Robert Emmett,* Docket No.: 2001-2664.

3.    Minuteman Press received a copy of the Complaint in Law with Action for Declaratory Judgment ("Complaint") via certified mail on or shortly after May 3, 2001. A copy of the Complaint is attached hereto as Exhibit "A."

4.    In the Complaint, Plaintiff allegedly asserted claims, *inter alia*, for fraud in the inducement, conspiracy, misrepresentation, breach of contract and negligence against the defendants with respect to Plaintiff's purchase of a Minuteman Press franchise located in Lemoyne, Pennsylvania and a certain franchise agreement ("Franchise Agreement") dated September 1, 2000 to which Plaintiff and Minuteman Press were parties.

5.    On or shortly after May 19, 2001 and before any defendant answered moved or otherwise pled to the Complaint, Plaintiff filed his First Amended Complaint with Action for Declaratory Judgment ("First Amended Complaint").

6.    The certificate of service attached to the First Amended Complaint states that Plaintiff served the First Amended Complaint on Minuteman Press via First-Class, U.S. Mail on May 19, 2001. Minuteman Press received a copy of the First Amended Compliant on or shortly after May 21, 2001 - the date postmarked on the envelope. A copy of the First Amended Complaint is attached hereto as Exhibit "B."

7.    In the First Amended Complaint, Plaintiff incorporates the Complaint by reference and adds Count VI alleging misrepresentation, omissions, false statements and

conspiracy in violation of various unspecified "blue sky laws, **federal FTC rules, federal securities laws**, the criminal law of the Commonwealth of Pennsylvania, and **federal criminal law.**" *See* Exhibit "B" at ¶34 (emphasis added).  The First Amended Complaint alleges in Count VII that a clause in the Franchise Agreement requiring non-binding arbitration of Plaintiff's claims against Minuteman Press is a contract of adhesion and seeks "such other and further relief at law and in equity as arise from these additional Counts together with a declaratory judgment that the arbitration clause of the contract be cancelled and the contract be rescinded."  Exhibit "B" at Count VII.

8.     The First Amended Complaint is the pleading setting forth the federal laws, claims and issues upon which removal of this action is based.  This Notice is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of Minuteman Press' receipt of a copy of the First Amended Complaint raising for the first time the federal questions which support this removal.

9.     The other bases of relief asserted by Plaintiff in the Complaint and the First Amended Complaint all arise out of the same set of facts and are part of the same case and controversy, such that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. 1367(a).

10.     To date, Minuteman Press and Robert Emmett have not received any other process, pleadings or orders in this matter aside from the above-referenced Complaint and First Amended Complaint.

11.     Minuteman Press and Robert Emmett will promptly file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Cumberland County, Pennsylvania and will serve a copy of this Notice upon counsel for Plaintiff.

12.     Minuteman Press and Robert Emmett specifically reserve and do not waive their right to assert any defenses and claims, including but not limited to the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process, failure to state a claim upon which relief can be granted, or failure to join a party indispensable under Rule 19, consistent with Fed.R.Civ.P. 12 and *DiCesare-Engler Productions, Inc., v. Mainman Ltd.*, 421 F. Supp. 116 (W.D. Pa. 1976).

13.     Co-defendant Susan Graybill, as an individual and as Administratrix of the Estate of Dennis M. Graybill joins in this Notice of Removal as evidenced by the Joinder in Removal attached hereto as Exhibit "C."

**WHEREFORE**, Defendants Minuteman Press International, Inc. and Robert Emmett request that this matter proceed before this Court as an action properly removed.

Harris J. Chernow, Esquire
Arthur L. Pressman, Esquire
John J. Jacko, III, Esquire
PA I.D. Nos.: 52577/10124/67477
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
Eleven Penn Center, 14th Floor
Philadelphia, PA  19103-2985
(215) 665-8700 - Telephone
(215) 665-8760 - Facsimile

Attorneys for Defendants
Minuteman Press International, Inc. and
Robert Emmett

Dated:  June 15, 2001

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

Michael A. Shaffer,  } No. _01- 2664 Civil Team_
        Plaintiff,  }
                 }
                 }
     v.  }
                 } Judge _____
Susan Graybill as an individual  }
and as Administratrix of the  }
Estate of Dennis M. Graybill;  }
Minuteman Press  }
International, a New York corpor-  }
ation; and Robert Emmett  }
           Defendants.  } Jury Trial Demanded

**NOTICE TO DEFEND**

**Notice**

You have been sued in court. If you wish to defend against these claims, you must take action within twenty (20) days after this complaint and notice are served by entering an appearance personally or by an attorney and filing in writing with the Court your defenses or objections. **You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice. A judgment may also be entered against you for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**
**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Cumberland County Lawyer Referral Service**
**Cumberland County Bar Association**
**2 Liberty Avenue**
**Carlisle, PA 17013**
**(717) 249-3166**
**1-800-990-9108**

TRUE COPY FROM RECORD
In Testimony whereof, I here unto set my hand
and the seal of said Court at Carlisle, Pa.
This _3rd_ day of _May_ _2001_
_Irene E. Morse, D.P._
                          **Prothonotary**

## AVISO

Usted ha sido domandado en corte. Si usted quiere defenderse en contra de estas demandas, usted debe tomar accion dentro de viente (20) dias despues que esta queja y aviso sean servidos, registrando una comparacencia personalmente o por su abogad y llenando en esccrito en la corte su defensa u objectiones con la corte. **Usted esta advertido que si fallah de hacerlo, el casa puede seguir sin usted y un desicion pued ser registrado en contra suya por la corte sin ningun otra aviso. Ademas, la corte pued decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importante para usted.**
**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO NO PUEDE PAGAR UNO VAYA O LLAME POR TELEFONO A LA OFFICINA ESCRITA ABAJO PARA AVERIGULAR DONDE USTED PUED CONSEQUIRE ASSISTANCIA LEGAL.**

Cumberland County Lawyer Referral Service
Cumberland County Bar Association
2 Liberty Avenue
Carlisle, PA 17013
(717) 249-3166
1-800-990-9108

**In the Court of Common Pleas of Cumberland County, Pennsylvania**
**Civil Division**

| | |
|---|---|
| Michael Shaffer, | } No. _____ |
|         Plaintiff, | } |
| | } |
|    v. | } |
| | } |
| Susan Graybill as an individual | } Judge _____ |
| and as Administratrix of the | } |
| Estate of Dennis M. Graybill, | } |
| Minuteman Press International, | } |
| Inc., and Robert Emmett | } |
|         Defendants. | } Jury Trial Demanded |

**Complaint in Law with Action for Declaratory Judgment**

Comes now Plaintiff and complains of each Defendant as follows.

**Parties, Jurisdiction and Venue**

1. Plaintiff is Michael Shaffer who resides at 88 Bentz Mill Road, East Berlin, PA 17316.

2. Defendant Susan Graybill is an individual who operated a Minuteman Press franchise in Lemoyne, PA, and may be served in person at 1145 Highland Drive, Mechanicsburg, PA 17055.

3. Defendant Susan Graybill as Administratrix of the Estate of Dennis M. Graybill, deceased, may be served in person at 1145 Highland Drive, Mechanicsburg, PA 17055.

4. Defendant Minuteman Press International, Inc. (hereafter MMPI) is a New York corporation with its home office in Farmingdale, New York. It may be served by certified mail addressed to its registered agent, Peter T. Bauer, General Counsel, Minuteman Press International, Inc., 1640 New Highway, Farmingdale, NY 11735.

5. Defendant Robert Emmett is an individual and representative of MMPI and maintains

an office in Wayne, PA. He may be served in person at 489 Devon Park Drive, Suite 307, Wayne, PA 19087.

6. The court has jurisdiction over these proceedings because the Minuteman Press franchise sold to Plaintiff by Defendants Graybill is located in Cumberland County and the amount in controversy exceeds the minimum jurisdictional amounts of the court.

7. The court has venue over these proceedings because all or part of the cause of action arose in Cumberland County and Defendants Graybill maintained a place of business in Lemoyne, Cumberland County, PA, and reside in Cumberland County, PA.

### Facts Common to All Counts

8. On or about August, 2000, Defendants Graybill were operating a Minuteman Press franchise in Lemoyne under contract with Defendant MMPI. Defendants Graybill were desirous of selling the franchise to Plaintiff and did so on September 6, 2000. Plaintiff entered into various contracts with Defendants Graybill, Defendant MMPI in pursuance of the purchase of the franchise.

### Count I

9. This count sounds in tort.

10. Throughout the relevant time frame alleged in Paragraph 9, all Defendants entered into a conspiracy with one another to unload a failing business on Plaintiff by agreeing to materially defraud Plaintiff by falsely inducing him to enter into a contract to purchase and to purchase the Minuteman Press franchise located in Lemoyne, PA. Defendant Emmett was the regional representative of Defendant MMPI and had authority speak for and to bind the corporation.

11. Defendants Graybill were the owners of the franchise. Defendants Graybill made material misrepresentations as to the financial viability of the franchise and these were made to falsely induce Plaintiff to purchase the Minuteman Press franchise of Lemoyne as an ongoing and viable enterprise with sufficient income to pay expenses and support the store owner and two employees.

12. Defendants Graybill conspired with one another, MMPI and Emmett to represent the Lemoyne franchise as a viable entity that would make a profit and that Plaintiff would start seeing those profits within three months. Defendants Graybill materially misrepresented the financial viability of the Lemoyne franchise. Defendants MMPI and Emmett materially assisted Defendants Graybill to do so. Defendants MMPI and Emmett also made material misrepresentations to induce Plaintiff to purchase the franchise and materially assisted Defendants Graybill in unloading an unprofitable franchise on Plaintiff; these misrepresentations were made by Defendant Emmett, MMPI's regional representative.

13. The following misrepresentations were made by one or more of the Defendants:

a. Defendants Graybill materially misrepresented the financial viability of the Lemoyne franchise by representing that monthly operating expenses were in the range of $7,000.00 when in fact monthly operating expenses were in the range of $12,000.00. Plaintiff expressly obtained copies of the checks written for expenses by the franchise and refused to purchase the franchise because the operating expenses were too high at $12,000.00 per month. Defendant Emmett represented to Plaintiff in response that many of the checks were for personal expenditures and that the operating expenses for the franchise were only $7,000.00 per month. Defendants Graybill confirmed Emmett's misrepresentation. This was a very material factor to Plaintiff because the franchise's monthly income was only in the $5,000.00

range.

b. Defendant Emmett materially misrepresented the financial viability of the Lemoyne franchise by representing that Plaintiff need earn only $2,000.00 per month over and above what the franchise was bringing in in order to make a profit when in fact Plaintiff needed more than $7,000.00 more per month in gross sales just to break even.

c. Defendants MMPI and Emmett materially misrepresented to Plaintiff the financial viability of the Lemoyne franchise by making the same representations as set forth in Paragraphs 13a and 13b. Said Defendants conspired with Defendants Graybill to make these misrepresentations.

d. Defendants MMPI and Emmett materially misrepresented to Plaintiff that he would not only be able to meet expenses within a very short period of time but that he would also realize a gross profit of 30% of gross sales within that same time merely by following MMPI's marketing program, which was to make twenty new contacts per day. Plaintiff did so but was unable to make a profit on the franchise.

e. Defendants MMPI and Emmett materially misrepresented to Plaintiff that the only reason why the Lemoyne franchise was not already making a profit was because Defendant Dennis M. Graybill, now deceased, was not able due to his poor health to make enough marketing calls to generate additional sales.

14. Plaintiff was damaged by these misrepresentations in the loss of the amounts that he paid to Defendants Graybill to purchase the franchise, in the amounts that he paid Defendant MMPI for the transfer of the franchise and to attend its school for new owners, and in the loss of working capital and the amounts that had to be borrowed to operate the franchise from month to month. Consequential damages were suffered by Plaintiff in the amounts that he could not earn

because he was devoting his full time to operation of the franchise instead of his former

employment as well as amounts he owes to his landlord and Textron Financial Corporation from

contracts that were necessitated by his purchase of the franchise. Further consequential damages

stemmed from the inevitable loss of credit reputation when he was unable to repay the money he

borrowed to keep the franchise operating from month to month.

### Count II

15. On or about September 1, 2000, Plaintiff entered into a written contract with

Defendant MMPI which was labeled as the Franchise Agreement. Immediately upon entering

the Agreement, Plaintiff was sent to New York for an explanation of what to do to make the

franchise viable. He was promised in writing all needed technical assistance and advice. This

assistance and advice was based on the express corporate formula that if the franchisee did what

MMPI told him to do, he would meet expenses and make a profit. Plaintiff was expressly told by

MMPI that all he would have to do was manage the franchise, make twenty cold calls a day,

leave all work to the employees, and, by doing so, he would make significant profits. These

promises were made in order to induce Plaintiff to enter into the franchise agreement and were

again made in the training school in New York. These promises were made in the Franchise

Agreement or were made in supplementation of the written agreement or were made in order to

induce Plaintiff to enter into the written agreement. In other words, follow our program and you

will realize a pretax profit of one third of your gross sales.

16. These promises were breached by MMPI. At no time was the income from the

franchise sufficient to even meet expenses and within six months of purchasing the franchise,

Plaintiff was forced to close his doors due to excessive expenses.

18. Damages that flow from these breaches of contract and false promises include the

loss of the money that was paid to MMPI to transfer the franchise to Plaintiff and send him to training school in New York. Consequential damages include the loss of what was paid by Plaintiff to the franchise owners to purchase the franchise, the loss of operating capital, the waste of the assets of Plaintiff's franchise, and the various contractual payments needed to pay the landlord and the equipment lessor. Further direct damages resulted from the extreme mental anguish suffered by Plaintiff which were intentionally inflicted as the result of the torts alleged in this Complaint. These damages are in an amount in excess of the minimum jurisdictional limits of the court.

### Count III

19. Defendant MMPI would not transfer the franchise to Plaintiff without first receiving a financial application from the Plaintiff calling for a disclosure of all assets.. After reviewing Plaintiff's financial statements, MMPI caused the sale of the franchise in Lemoyne to Plaintiff and transferred the franchise to Plaintiff and caused him to expend significant amounts for training and for anticipated losses from operation of the franchise within the first three months.

20. Having required Plaintiff to submit a financial application listing all assets of Plaintiff, Defendant MMPI at all times material to this Complaint, knew or should have known that Plaintiff had insufficient income and assets to operate the franchise for even the three months at the end of which Plaintiff was promised that he would be making profits. As the superior bargaining party, MMPI was under a duty to disclose to Plaintiff that he had insufficient income and assets with which to purchase the Lemoyne franchise. This negligence on the part of MMPI caused Plaintiff to suffer not only monetary damages but also an entitlement to damages for extreme emotional distress in amounts in excess of the minimum jurisdictional limits of the court.

20.1. Plaintiff has further been consequentially damaged by these defendants in an amount in excess of the minimum jurisdictional amount of the court for extreme mental anguish intentionally inflicted upon him as the result of the loss of his life savings.

### Count IV

22. Each of the torts complained about were committed with such deliberateness and willfulness and in such reckless disregard of the rights of Plaintiff so as to entitle him to punitive damages in an amount in excess of the minimum jurisdictional amounts of the court.

### Incorporation by Reference

23. Each Count hereof is incorporated in each other Count by reference.  Each Paragraph hereof is incorporated in each other Paragraph by reference.

Wherefore, Plaintiff prays that after trial hereof, he be awarded actual and consequential and punitive damages, each in an amount in excess of the minimum jurisdictional limits of the court against each defendant and against all defendants jointly and severally for their joint misconduct and for such other and further relief in law and in equity to which Plaintiff may be justly entitled.

Respectfully Submitted,

Robert J. White
Counsel for Plaintiff
PBN 32487
PO Box 3005
York, PA 17402
(717) 699-4534
FAX (717) 699-2895

### Verification

In the Court of Common Pleas of Cumberland County, Pennsylvania
Civil Division

Michael A. Shaffer         } No. 2001-2664 Civil Term
        Plaintiff,      }
                   }
    v.              }
                   }
Susan Graybill         }
et al.,               }
        Defendants  } Jury Trial Demanded

**Plaintiff's First Amended Complaint with Action for Declaratory Judgment**

Comes now Plaintiff and amends his Complaint with Action for

Declaratory Judgment and states the following additional causes of action:

### Count VI

32. Plaintiff's Complaint is incorporated herein by reference, the same

as if fully set forth herein.

33. In the Disclosure Document of Minuteman Press International, Inc. which

which was required by FTC rules and is dated August, 1999, the following disclosure is made on

page 12 about an FTC action against Defendant MMPI and others:

> Federal Trade Commission, Plaintiff, v. Minuteman Press International, Inc., Speedy
> Sign-A-Arama, USA, Inc., Roy W. Titus and Jeffrey Haber, Defendants (CV 93-2496)
> Filed on June 4, 1993, in the United States District Court, Eastern District of New York.
> On December 18, 1998, an injunction was filed prohibiting the Defendant's excluding
> Haber from doing the following: A. Making, or assisting in the making of, expressly or
> by implication, orally or in writing, to any prospective franchisee any statement of past,
> present or future sales, income, or gross or net profits of any existing or prospective
> franchisee or group of franchisees, unless at the time of making such representation the
> defendant possesses written material that provides a reasonable basis for the
> representation. B.Violating any provision of the Rule 16 C.F.R. Part 436 or the rule as it
> may later be amended and the disclosure requirements of the UFOC in effect at the time.

C. Assessing or collecting a transfer/training fee from any franchisee who sells or assigns its franchise unless the selling franchisee received a copy of a disclosure statement indicating that such fee would be charged. D. Failing to monitor and investigate any complaints about compliance with the rule or the injunction. E. To cooperate with the Commission in the enforcement of this injunction.

Section A of this disclosure relates to precisely the same marketing methods and misrepresentations that are set forth in Counts I through IV of the Plaintiff's Complaint, which are incorporated herein by reference. The disclosure omits material facts and is affirmatively misleading.

34. Defendant MMPI's misrepresentations, omissions, false statements, actions and inactions violate state blue sky laws, federal FTC rules, federal securities laws, the criminal law of the Commonwealth of Pennsylvania, and federal criminal law. Not only has MMPI violated civil law but also criminal law in the manner in which it falsely induced Plaintiff to purchase the existing Minuteman franchise in Lemoyne.

35. Defendant Emmett materially assisted MMPI to do or fail to do those actions set forth in Paragraph 34.

36. Defendants Graybill may or may not have assisted MMPI and Emmett to do or fail to do those actions set forth in Paragraph 34. Defendants Graybill materially assisted Defendants MMPI and Emmett to market by unlawful methods as set forth in Counts I through IV of the Plaintiff's Complaint and has therefore assisted the latter Defendants to violate state blue sky laws, federal FTC rules, and federal securities laws and state and federal criminal laws..

37. In particular, the following written misrepresentations or omissions to state material facts needed to make the misrepresentation true have been made or not made with respect to the Disclosure Statement disclosure of then existing litigation as set forth in Paragraph 33:

a. MMPI and Emmett failed to disclose that the FTC was complaining about the precise marketing methods that MMPI and Emmett used in the marketing of existing franchises to particular franchisees, all as more fully set forth in Counts I through IV, which are incorporated herein by reference.

b. MMPI failed to disclose the full nature and extent of the relief sought by the FTC by omitting all those disclosures set forth in Paragraph 34, in particular the fact that the FTC was attempting to prohibit it from marketing any existing franchise in the manner in which the Lemoyne franchise was marketed to Plaintiff as more fully set forth in Counts I through IV, which are incorporated herein by reference.

c. Defendants Graybill, MMPI and Emmett failed to disclose to Plaintiff material financial information as required by the FTC request for injunctive relief when Emmettt falsely told Plaintiff that the Graybill expenses to operate the franchise were about $7,000.00 per month and made the other misrepresentations set forth in Counts I through IV.

d. MMPI failed to disclose to Plaintiff that the FTC was alleging that MMPI and others were liable for false and misleading claims about earnings, gross sales and profitability levels. Emmett and unnamed co-conspirators in the home office of MMPI were making those same false and misleading claims to Plaintiff. Defendants Graybill were materially assisting Emmett to do so.

e. MMPI failed to disclose that the litigation involved FTC claims that it and its officers violated federal consumer protection and franchise disclosure laws

f. MMPI failed to disclose that the FTC was complaining about sales pitches made by MMPI to prospective franchisees about gross earnings and profits they could expect to see by buying and operating MMPI's quick print and sign shops.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. SHAFFER,                          :
:
               Plaintiff,              :
:
v.                                           :    CIVIL ACTION NO. 01-CV-_____
:
SUSAN GRAYBILL AS AN INDIVIDUAL AND          :
AS ADMINISTRATRIX OF THE ESTATE OF           :
DENNIS M. GRAYBILL,                          :
MINUTEMAN PRESS INTERNATIONAL, INC.,         :
and ROBERT EMMETT,                           :
:
               Defendants.             :
:

## JOINDER IN REMOVAL

Defendants Susan Graybill as an individual and as Executrix[1] of the Estate of Dennis M.

Graybill, co-defendants in the above-captioned action, join in the Notice of Removal by

Defendants Minuteman Press International, Inc. and Robert Emmett to which this Joinder is

attached.

                                          Marvin Beshore, Esquire
                                          PA I.D. No.: 31979
                                          **MILSPAW & BESHORE**
                                          130 State Street
                                          P.O. Box 946
                                          Harrisburg, PA 17108-0946
                                          Telephone:  717-236-0781
                                          Facsimile:  717-236-0791

                                          Attorneys for Defendants
                                          Susan Graybill as an individual and as
                                          Administratrix of the Estate of Dennis M. Graybill

Dated:  June 14, 2001

---

[1]    Misidentified in the Complaint as "Administratrix".

## CERTIFICATE OF SERVICE

I, John J. Jacko, III, hereby certify that on or about this 15th day of June 2001, I hereby served a true and correct copy of attached **Notice of Removal**, via First-Class, U.S. Mail or as otherwise specifically indicated, upon the following:

>
> Robert J. White, Esquire
> P.O. Box 3005
> York, PA 17402
>
> Marvin Beshore, Esquire (via hand delivery)
> Milspaw & Beshore
> 130 State Street
> P.O. Box 946
> Harrisburg, PA 17108-0946
>
> Prothonotary (via hand delivery)
> Cumberland County Court of Common Pleas
> 1 Courthouse Square
> Carlisle, PA 17013

John J. Jacko, III

## CERTIFICATE OF SERVICE

I, John J. Jacko, III, hereby certify that on or about this 15th day of June 2001, I hereby

served a true and correct copy of attached **Notice That Action Has Been Removed**, via First-Class,

U.S. Mail or as otherwise specifically indicated, upon the following:

Robert J. White, Esquire
P.O. Box 3005
York, PA 17402

Marvin Beshore, Esquire (via hand delivery)
Milspaw & Beshore
130 State Street
P.O. Box 946
Harrisburg, PA 17108-0946

Prothonotary (via hand delivery)
Cumberland County Court of Common Pleas
1 Courthouse Square
Carlisle, PA 17013


John J. Jacko, III

3

457840  -1;PHL1