

Robert J. White
[650 W. Market Street]
PO Box 3005
York, PA 17402
(717) 699-4534
Counsel for Plaintiff

In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| Michael A. Shaffer, | } Civil Action No. 01-CV-1065 |
|     Plaintiff, | } |
| | } |
| v. | } (Judge Rambo) |
| | } |
| Susan Graybill as an individual and | } |
| as Adminstratrix of the Estate of | } |
| Dennis M. Graybill, | } |
| Minuteman Press International, Inc., and | } |
| Robert Emmett, | } |
|     Defendants. | } |

FILED
HARRISBURG, PA

JUL 1 0 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

Plaintiff's Response to Motion to Dismiss

of Defendants MMPI and Emmett

Comes now Plaintiff and responds to the Motion to Dismiss of Defendants Minuteman Press International, Inc. (MMPI) and Emmett.

1. Plaintiff filed an action against all four Defendants in state court in Pennsylvania which was removed by Defendants MMPI and Emmett to federal court on June 15, 2001.

2. Defendant Emmett's action in removing the case was frivolous in that he falsely alleged that the Federal Arbitration Act applied to the causes of action against him. Defendant MMPI cited the Federal Arbitration Act and both Defendants cited unspecified violations of state

1

blue sky laws, federal securities laws, the FTC Act, and state and federal criminal laws as the only other grounds for removal.

    3. The following facts militate against the application of the Federal Arbitration Act in this case.

    a. Third Circuit case law is that it is for the court to decide under contract law whether an issue is arbitrable before referring an issue to arbitration. Plaintiff has done no more than plead for the application of that law in this case.

    b. Three of the four Defendants cannot claim that the arbitration clause in the Franchise Agreement applies to them. Defendant Emmett as well as the Graybills are precluded from arbitration by the express provisions of the Franchise Agreement that "arbitration between Minuteman and the Franchisee shall be of Minuteman's and the Franchisee's individual claims only. No consolidated or multiple party claims may be brought by either Minuteman or the Franchisee."

    c. Enforcement of the arbitration clause will effectively deny a remedy to Plaintiff, who invested most of the savings that he had plus money borrowed on personal and business credit cards in the purchase and operation of a franchise, which all Defendants knew at the time of purchase was a failing enterprise and further knew that the enterprise could not be turned around with the funds that Plaintiff had available to him. Arbitration in New York is expensive. In 1987, a federal court upheld the award of $225.00 per hour/$1,500.00 per day as reasonable fees for the arbitrators. Plaintiff not only does not have that kind of money to arbitrate this case, but also does not have any income at this time due to the failure of the franchise which all Defendants knew at the time of sale would in fact fail. In this respect, it must

2

be concluded that the mere existence of the arbitration clause in the Franchise Agreement, when Defendant MMPI as well as the other three Defendants knew that Plaintiff had insufficient money to purchase and operate the Lemoyne franchise for a sufficient amount of time to make it profitable, was oppressive and unconscionable. The statutory language that arbitration agreements are not enforceable on "such grounds as exist at law or in equity for the revocation of any contract" has been met in this case by Plaintiff. This issue must be tried by the court before any referral to arbitration may be made.

    d. Any arbitration involving MMPI solely would be ineffective because Defendants Emmett and the Graybills, who are expressly excluded from arbitration with P and MMPI by the terms of the Franchise Agreement, are necessary parties to the claims of conspiracy. In addition, these three Defendants are not subject to the subpoena power of a New York arbitration panel.

    e. Arbitration solely against MMPI would not be effective because the Complaint alleges joint fraud such as to vitiate the entire contract and the remedy of rescission of the contract is requested. This issue must be tried before any referral to arbitration may be made by the court because if the contract is rescinded, there is no enforceable arbitration clause.

    f. Plaintiff, in the missing Count V of his First Amended Complaint, alleges that the contract itself is fraudulent and designed solely for the benefit of MMPI. The contract contains waiver clauses including that of a jury trial and of Plaintiff's right to an award of punitive damages, disclaimer clauses that no misrepresentations were made when in fact misrepresentations were made prior to Plaintiff's entry into the Franchise Agreement, and the non-binding arbitration clause itself. These clauses were all designed to make it as difficult as possible for the franchisee to obtain a remedy for the franchisor's unlawful actions, especially

applicable to an unsophisticated franchisee who was hooked on Defendants' promises of being able to control his own destiny and make a lot of money from the operation of an MMPI franchise and trusted Defendants to provide him with a franchise that would do so.

    g. The arbitration clause cannot be enforced in this case because of willful and deliberate acts of the Defendants which left Plaintiff in destitution and unable to afford expensive arbitration in far off New York.

    3. Most, if not all, of the remaining matters raised by Defendants MMPI and Emmett for dismissal are frivolous as will be shown by Plaintiff's Memorandum of Law In Opposition to Defendants MMPI and Emmett's Motion to Dismiss which is filed concurrently herewith and is incorporated herein by reference

    4. Defendants Emmett and the Graybills are not entitled to a stay of these proceedings in the event that the court upholds the arbitration clause with respect to claims against Defendant MMPI. Plaintiff is prepared to move forward with the case against them in this court and can join Defendant MMPI at a later date, assuming that the arbitration against MMPI, if upheld by the court, can be expeditiously accomplished. Defendant MMPI is not entitled to dismissal of these proceedings in the event that the court refers Plaintiff's claims against it to arbitration because the express statutory language provides only for a stay of the proceedings in that event. Since the case will proceed against the other Defendants, there is no need for docket control, which is the factor cited in the wrongly decided case law that permits dismissal.

    Wherefore, Plaintiff prays that the Court deny Defendants MMPI and Emmett's Motion to Dismiss and to deny enforcement of the arbitration clause in the Franchise Agreement and for such other and further relief in law and in equity to which Plaintiff is justly entitled.

Respectfully Submitted,

*Robert White*
Robert J. White
Counsel for Plaintiff