ORIGINAL

FILED
HARRISBURG, PA

JUL 2 0 2001

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. SHAFFER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 01-CV-1065 |
| | : Judge Sylvia H. Rambo |
| SUSAN GRAYBILL AS AN INDIVIDUAL AND AS ADMINISTRATRIX OF THE ESTATE OF DENNIS M. GRAYBILL, MINUTEMAN PRESS INTERNATIONAL, INC., and ROBERT EMMETT, | : ORAL ARGUMENT REQUESTED |
| Defendants. | : |

## REPLY MEMORANDUM OF LAW OF DEFENDANTS MINUTEMAN PRESS INTERNATIONAL, INC. AND ROBERT EMMETT TO THE MEMORANDUM OF LAW OF PLAINTIFF MICHAEL A. SHAFFER IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants Minuteman Press International, Inc. ("Minuteman Press") and Robert Emmett ("Emmett") (collectively, "Moving Defendants") file this reply to the Memorandum of Law of Plaintiff Michael Shaffer in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum") and, pursuant to Fed.R.Civ.P. 10(c), herein incorporate by reference Moving Defendants' Memorandum of Law

in Support of the Motion to Dismiss Plaintiff's Complaint and First Amended Complaints ("Moving Defendants' Memorandum"). Moving Defendants address Plaintiff's arguments in the same order as contained in Plaintiff's Memorandum.

## I.     Procedural Matters

Plaintiff blatantly ignores the federal case law identifying the standard of review for motions to dismiss pursuant to Fed.R.Civ.P. 12. Plaintiff opposes the Motion to Dismiss by improperly injecting new purported "facts" that are not only irrelevant, but are not contained in any complaint, are not of record, and are beyond the Court's consideration on a motion to dismiss. *See* Moving Defendants' Memorandum at § IV (standard of review).

It is the very sufficiency of Plaintiff's subject complaints, among other things, that are at issue. The purported facts and statements contained in Plaintiff's Memorandum and Affidavit that are not otherwise mentioned in the complaints are a nullity and must not be considered. Similarly, Plaintiff's unbelievable references to <u>unsigned</u> <u>draft</u> complaints authored by Plaintiff's counsel purporting to assert claims of alleged clients who are not parties to this case with respect to matters not filed of record in any recognized court (Plaintiff's Memorandum at Exhibit "F"), references to the status of propounded discovery, and other scandalous and impertinent statements should all be disregarded. Thus, any and all new purported

2

facts and statements not otherwise contained within the Complaint and First Amended Complaint should be disregarded and dismissal should be granted.

## II. Federal Arbitration Act

Scandalous and impertinent matters seems to be a theme of Plaintiff's response to Defendants' Motion to Dismiss. In addition, the few cases that Plaintiff does cite are interesting as they, along with Plaintiff's representations to this Court, miss the point. For example, in his citation to *Paine Weber, Inc. v. Hartmann*, 921 F.2d 507 (3rd Cir. 1990), Plaintiff attempts to persuade this Court that the question of whether an arbitration clause is "unconscionable, oppressive and fraudulent" is for the court to decide instead of the arbitrator. However, in *Paine Weber*, the court did <u>not</u> address the issue as to whether or not the arbitration clause was valid, as "[t]he parties do not contest that a valid agreement to arbitrate exists between them. The sole issue is whether it may be said with 'positive assurance' that the instant dispute falls outside the substantive scope of the agreement". *Id.* at 511. The *Paine Weber* decision stands for the proposition of deciding whether a particular <u>issue</u> should be arbitrated, not the proposition, as the Plaintiff contends, that the court determines whether an arbitration clause is valid.

Likewise, Plaintiff's cite to *Southland Corp. v. Keating* (465 U.S.1, 104 S.Ct. 852) completely misses the point. This case dealt with determining whether the court has the jurisdiction to decide if the Federal Arbitration Act preempts a state

(California) statute. The *Keating* court stated that "[y]et it is clear beyond question that if this suit had been brought as a diversity action in a Federal District Court, the arbitration clause would have been enforceable". *Id.* at 15, 860.

Plaintiff continues to miss the point in its final case cited in connection with its arbitration position in the matter of *Laborers' International Union of North America AFL-CIO v. Foster Wheeler Corporation*, 868 F.2nd 573, 130 L.R.R.M. (BNA) 2740, 111 Lab. Cas. P10, 970 (3rd Cir. (N.J.), Feb. 22, 1989), wherein the issue in that case was whether a corporation had alter ego status and would then be subject to arbitration. Hence, Plaintiff's own pleadings (the Complaint and First Amended Complaint) acknowledge that Defendant Emmett is a representative/employee of Minuteman Press and that Defendant Emmett does not dispute the arbitrability of Plaintiff's claims. Thus, there is no need for the Court to determine the status as in *Laborers' Industrial*, as Plaintiff by his own admission has acknowledged the status of Defendant Emmett.

The analysis contained in Moving Defendants' Memorandum is accurate and on point. Plaintiff asserts that Defendant Emmett "is an individual and Pennsylvania regional representative of MMPI . . ","Defendant Emmett was the regional representative of Defendant MMPI and had authority for and to bind the corporation" and ". . . Defendant Emmett, MMPI's regional representative". *See* Complaint at, ¶¶ 5,10 and 12. As a Minuteman Press' representative and

4

executive, Defendant Emmett is an employee and agent of Minuteman Press. Plaintiff's claims against Defendant Emmett relate to or arise out of the Franchise Agreement. Accordingly, employees of franchisors are entitled to enforce arbitration provisions of franchise agreements that they have not signed. *See Doctor's Associates, Inc. v. Hollingsworth*, 949 F. Supp. 77, 83 (D. Conn. 1996) ("acts of employees of a party to an arbitration agreement are arbitrable as long as the challenged acts fall within the scope of the customer agreement."); s*ee also Okcuoglu v. Hess, Grant & Co., Inc.*, 580 F. Supp. 749, 752-53 (E.D. Pa. 1984) (where agreement between customer and clearing broker called for arbitration and broker was agent to clearing broker, broker entitled to enforcement of arbitration provision in dispute between customer and broker). Defendant Emmett can is entitled to invoke the jury waiver provision as a third party beneficiary of the Franchise Agreement and is. *See Tillery v. Raffone*, 1991 WL 185158 , *5 (E.D. Tenn. 1991) (a third party beneficiary entitled to enforce the arbitration agreement); *see also Stone v. Pennsylvania Merchant Group, Ltd.*, 949 F. Supp. 316 (E.D. Pa. 1996).

Plaintiff is now desperately trying to circumvent the agreed upon arbitration clause contained in the agreed upon Franchise Agreement by attempting to persuade this Court not to follow the federal common law and the strong public policy of enforcing the Federal Arbitration Act and by dismissing the Complaint

and First Amended Complaint; or, in the alternative, by staying the Complaint and the First Amended Complaint pending arbitration.

## III. Dismissal or Stay Pending Arbitration

As noted above and in Moving Defendant's Memorandum, the arbitration clause <u>does</u> apply to Defendant Emmett. The arbitration clause in ¶ 23 of the Franchise Agreement states that "any controversy or claim arising out of or relating to this Agreement or the breach thereof, shall be settled by Arbitration . . ." The claims and issues contained in the Complaint and First Amended Complaint concerning Defendant Emmett are as an employee of Defendant Minuteman Press and without question arise out of or relate to nothing but the Franchise Agreement. Plaintiff confirms this when he states that "[t]he evidence developed against Emmett will be the evidence to be used against MMPI . . ." *See* Plaintiff's Memorandum at 9. Again, the Plaintiff cites <u>no</u> case law nor does he challenge Moving Defendants' analysis of case law and the FAA. Furthermore, a close reading of Plaintiff's Memorandum reveals that he contradicts himself and his prior arguments when in ¶¶ 4 through and including 8.2 ¶6 agrees that arbitration is indeed appropriate for, at the very least, Defendant Minuteman Press (and thus Defendant Emmett also). Plaintiff specifically states "[t]he evidence developed against Emmett will be the evidence to be used against MMPI when it is **joined basck [sic]** in this suit." *See* Plaintiff's Memorandum at ¶ 9.

6

The remainder of Plaintiff's argument is irrational. As far as any claims are concerned against parties other than the Moving Defendants, Plaintiff is free to pursue those claims as he sees fit and the current case can move forward as to those non-moving defendants.

## IV.  Venue

For the reasons stated above, the Franchise Agreement's venue selection clause must be enforced and the case dismissed or, in the alternative, transferred. Plaintiff's reference to the *Hoffman v. Minuteman Press International, Inc.*, 747 F. Supp. 552 (W.D. Mo. 1990) is inopposite to this case. The fact that, in *Hoffman,* a Missouri federal court refused to enforce a Minuteman Press franchise agreement forum selection clause pursuant to Missouri's public policy against the enforcement of such clauses is irrelevant to this case. A sister court of this circuit has rejected the *Hoffman* rationale and decision. *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 676 (D. N.J. 1993) (noting Missouri's public policy against forum selection clause enforcement and rejecting the *Hoffman* court's reasoning that a claim for fraud in the inducement to a contract generally was sufficient basis not to enforce the forum selection clause). The laws of New York and Pennsylvania both require that the party challenging the enforcement of a forum selection clause show that the clause itself, not the contract generally, was procured through fraud. *National Micrographics*, 825 F. Supp. at 676, n. 9 (*citing*

*In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1050, n. 5 (3d Cir. 1987)) and *Nimo Associates, Inc. v. Homeowners Marketing Services International, Inc.*, 942 F. Supp. 1025 (E.D. Pa. 1996). *See also Picken v. Minuteman Press Intern., Inc.* 854 F. Supp. 909 (N.D. Ga. 1993) (rejected the *Hoffman* and enforced the same Minuteman Press Franchise Agreement forum selection clause because the party claimed fraud generally and not as to the clause itself). Here, Plaintiff does not alleged fraud as to the forum selection clause specifically.

Plaintiff's challenge to the forum selection clause is devoid of admissible evidence demonstrating the existence of any extreme hardship to his litigating his claims in New York. Plaintiff merely parrots *Hoffman* stating only that this case involves "small, unsophisticated business people fraudulently induced into entering in to franchise agreements". *Compare Hoffman*, 747 F. Supp. at 559 *with* Plaintiff's Memorandum at 6, ¶11. Plaintiff does not argue that there is any inconvenience of witnesses, unavailability of witnesses, an unavailability of judicial process to compel the attendance of unwilling witnesses, or delay or prejudice from a grant of the requested transfer. Plaintiff only claims that he cannot afford "the additional expenses of litigating in New York", however, he proffers no financial or other admissible affidavit support for such claim. Thus, the case should be dismissed or, in the alternative, transferred.

8

### V. Specificity of Fraud Claims

Plaintiff cites and relies upon Fed.R.Civ.P. 8 though it is Fed.R.Civ.P. 9 (b) that is applicable to pleading fraud claims. Rule 9 states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with **particularity**.

Fed.R.Civ.P. 9(b) (emphasis added). Plaintiff claims that the who, what, where and when facts in support of his fraud claims have been sufficiently plead under federal notice pleading standards, yet admits to his lack of knowledge as to when various acts of the alleged fraud occurred stating that "the dates are within the knowledge of the Defendants". *See* Plaintiff's Memorandum at 8, ¶14. A *defendant's* knowledge, assuming a plaintiff can "know" such a thing, is not the standard for pleading fraud. Furthermore, Plaintiff's assertion that such information was propounded on Moving Defendants in discovery constitutes an admission that Plaintiff does not have the facts to plead the "who, what, where and when" required by Fed.R.Civ.P. 9 and the case law.

Plaintiff's reliance and citation to *Lessard v. Jersey Shore State Bank*, 702 F. Supp. 96 (M.D. Pa. 1988) (Kosik, J.) entirely misses the mark. No fraud claim was at issue in Lessard and the court only addressed the sufficiency of pleading related to a claim for violation of the Securities and Exchange Act and a civil conspiracy claim. Thus, the fraud claims should be dismissed.

## VI. The Conspiracy Claim

Scandalous and impertinent statements continue. Plaintiff's analogy to a first degree murder indictment is uncalled for and unprofessional. Nonetheless, Plaintiff's arguments are unsubstantiated. There is not one case cited. Nor is there one contradiction of Moving Defendants' cases other than a statement that ". . . none of Defendant's [sic] own cases but one, which is wrongly decided, require it", in referring to malice. Nothing more can be said other than the analysis in Moving Defendants' Memorandum at V. E.

## VII. The Negligence Claim

Plaintiff's, illogical argument, confounded by Plaintiff's failure to respond to the issue that it failed to plead the standards necessary to adequately plead a claim for negligence, confirms that Plaintiff's claim for negligence must be dismissed.

## VIII. Emotional Distress

Plaintiff again cites no case law to support his argument that "physical 'injury' is not required, only physical manifestation". Plaintiff's Memorandum at 10, ¶21. Plaintiff's argument under Pennsylvania law is devoid of legal support and contrary to decisions of the Pennsylvania Supreme Court and a court of this circuit. *Houston v. Texaco, Inc.*, 371 Pa. Super. 399, 538 A.2d 502, *alloc. denied*, 520 Pa. 575, 549 A.2d 136 (1988); and *Price v. Blyth Eastman Paine Webber, Inc.*, 576 F. Supp. 431, 435 (W.D. Pa. 1983). Plaintiff's argument is again filled with scandalous and impertinent commentary, along with new purported claims of

"emotional disturbance" that must be ignored. *See* Plaintiff's Memorandum at 10, ¶21 ("wicked, egregious and even criminal") and 21.1 (as demonstrated by his Aff. At [sic] Exh. C.].

Not only is Plaintiff's claim barred under Pennsylvania law, but it would also be barred even if New York law were applied. Under New York law, liability for emotional distress claims may only be:

> . . . found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' . . . The New York courts have been extremely strict in applying these principles.

*MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997) (citations omitted). Plaintiff's allegations fail to meet this high threshold.

## IX. Punitive Damages

"Plaintiff concedes that an action for punitive damages is not an independent cause of action." Plaintiff's Memorandum at 10, ¶22. Again, Plaintiff repeats his scandalous and impertinent allegations and purported facts concerning other franchises which are not substantiated, nor relevant to this matter. *See* Plaintiff's Memorandum at 10, ¶¶ 22, 23, 24 and 25.

## X. Declaratory Relief

Plaintiff concedes that the pleadings necessary to even <u>begin</u> to establish a claim for declaratory relief "are missing" and that it is "not necessary". Plaintiff's Memorandum at 12, ¶¶26 and 27.1. Moving Defendants agree. The declaratory

11

judgment claim should be dismissed. The Court must address what is contained in the Complaint and First Amended Complaint, not what Plaintiff attempts to argue in this Memorandum. Thus, the claim for declaratory judgment should be dismissed.

## XI.  Jury Trial

Without citing supporting case law (another continuing theme of Plaintiff), Plaintiff argues that he is entitled to a jury trial despite his contractual jury trial wavier. Nowhere does Plaintiff claim fraud with respect to the jury trial waiver provision itself. For the same reasons stated above as to forum selection clause, Plaintiff should not be permitted to cherry pick the Franchise Agreement. Moving Defendants' are entitled to have their contractual rights protected and to enjoy the benefits of their bargain with the enforcement of the jury waiver provision.

Furthermore, Plaintiff asserts that Defendant Emmett "is an individual and Pennsylvania regional representative of MMPI . . ","Defendant Emmett was the regional representative of Defendant MMPI and had authority for and to bind the corporation" and ". . . Defendant Emmett, MMPI's regional representative". *See* Complaint at, ¶¶ 5,10 and 12. As a Minuteman Press' representative and executive, Defendant Emmett is an employee and agent of Minuteman Press. Plaintiff's claims against Defendant Emmett relate to or arise out of the Franchise Agreement. Accordingly, this situation is analogous to situations where employees

of franchisors are entitled to enforce arbitration provisions of franchise agreements that they have not signed. *See Doctor's Associates, Inc. v. Hollingsworth*, 949 F. Supp. 77, 83 (D. Conn. 1996) ("acts of employees of a party to an arbitration agreement are arbitrable as long as the challenged acts fall within the scope of the customer agreement."); s*ee also Okcuoglu v. Hess, Grant & Co., Inc.*, 580 F. Supp. 749, 752-53 (E.D. Pa. 1984) (where agreement between customer and clearing broker called for arbitration and broker was agent to clearing broker, broker entitled to enforcement of arbitration provision in dispute between customer and broker). Defendant Emmett can is entitled to invoke the jury waiver provision as a third party beneficiary of the Franchise Agreement and is. *See Tillery v. Raffone*, 1991 WL 185158 , *5 (E.D. Tenn. 1991) (a third party beneficiary entitled to enforce the arbitration agreement); *see also Stone v. Pennsylvania Merchant Group, Ltd.*, 949 F. Supp. 316 (E.D. Pa. 1996). Thus, Plaintiff's jury demand should be stricken.

## XII. Issues Conceded By Defendants

Moving Defendants have not conceded to any issue in this case, especially the illogical and senseless statements in this Section of Plaintiff's Memorandum. Plaintiff's references to alleged prior attempts to resolve the alleged disputes are highly irrelevant and inappropriate, and must be ignored. *See* Plaintiff's Memorandum at ¶ 35. Plaintiff makes bold statements that Defendants' Motion to

Dismiss and Notice of Removal are frivolous, while at the same time he agrees that his claims do arise under the laws of the United States thus complying with the removal statute, 28 U.S.C. 1441(b). *See* Plaintiff's Memorandum at ¶ 31. Plaintiff's generic and broad references to "blue sky laws, federal securities laws, state criminal laws, the FTC Act and federal criminal laws" and statement that "[t]hese factual matters are highly relevant to the pleading of punitive damages" may yet be properly the subject of additional motion practice if this case is not dismissed.[1] Thus, dismissal is warranted.

---

[1] Moving Defendants have not conceded any issue related to these alleged federal questions of law as they have the right to challenge subject matter jurisdiction for failure to state at any time or challenge a claim on motion for summary judgment pursuant to Fed. R. Civ. P. 56 or as otherwise provided by the rules.

WHEREFORE, Defendants Minuteman Press International, Inc. and Robert Emmitt request that Plaintiff's Complaint and First Amended Complaint be dismissed with prejudice and that Minuteman Press International, Inc. and Robert Emmitt be awarded all costs of suit, including reasonable attorney's fees and such other relief as the court deems just and proper.

    Respectfully submitted,

*John Jacko* (signature)

Harris J. Chernow
John J. Jacko III
P.A. I.D. Nos. 52577/67477
**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 665-8700

Attorneys for Defendants,
Minuteman Press International, Inc.
and Robert Emmett

Dated: July 19, 2001

## CERTIFICATE OF SERVICE

I, John J. Jacko III, certify that on this /9th day of July 2001, a true and correct copy of the foregoing Reply Memorandum of Law of Defendants Minuteman Press International, Inc. and Robert Emmett to the Memorandum of Law of Plaintiff in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint and First Amended Complaint was served via First Class, U.S. Mail, postage pre-paid upon the following counsel:

>Robert J. White, Esquire
>P.O. Box 3005
>York, PA 17402
>Attorney for Plaintiff John Schlaline
>
>Marvin Beshore, Esquire
>Milspaw & Beshore
>130 State Street
>P.O. Box 946
>Harrisburg, PA 17108-0946
>
>Attorney for Defendants
>Susan Greybill and Dennis M. Greybill

Dated: July /9th, 2001

_____
John J. Jacko III