IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. SHAFFER,<br>Plaintiff,<br><br>v.<br><br>SUSAN GRAYBILL AS AN<br>INDIVIDUAL AND AS<br>ADMINISTRATRIX OF<br>THE ESTATE OF<br>DENNIS M. GRAYBILL,<br>MINUTEMAN PRESS<br>INTERNATIONAL, and<br>ROBERT EMMETT,<br>Defendants. | : | CIVIL ACTION NO. 01-CV-1065<br>Judge Sylvia H. Rambo<br><br><br>FILED<br>HARRISBURG, PA<br><br>SEP 04 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

BRIEF IN REPLY TO PLAINTIFF'S MOTION TO FILE
PARTIAL SUBSTITUTE BRIEF IN RESPONSE TO DEFENDANTS
MINUTEMAN PRESS INTERNATIONAL, INC.
AND ROBERT EMMETT'S MOTION TO DISMISS

Defendants Minuteman Press International, Inc. ("Minuteman Press") and

Robert Emmett ("Emmett") (collectively "Defendants") file this Brief in Reply to

Plaintiff's Motion to File Partial Substitute Brief in Response to Defendants Minuteman Press International, Inc. and Robert Emmett's Motion to Dismiss.

The case cited by Plaintiff is a 1984 case, which was readily available to Plaintiff at the time of the filing of his Memorandum of Law in Opposition to Defendants' Motion to Dismiss. In addition, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss has been of record since, on or about, July 10, 2001, approximately forty-three (43) days prior to the filing of Plaintiff's Motion to File Partial Substitute Brief.

In accordance with the Rules of Civil Procedures, including the Local Rules (LR 7.7), Plaintiff's "Partial Substitute Brief" should be stricken and not taken into account by this Court.

Should, however, the Court accept Plaintiff's "Partial Substitute Brief", Defendants Minuteman Press International, Inc. and Robert Emmett respond as follows:

As was true in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Plaintiff misses the point of the cited case and quote. In *Seville Industrial Machinery, Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3rd. Cir. 1984), the court describes, which ironically the Plaintiff does not provide to this Court, the "alternative means of injecting precision and some measure of

substantiation into their allegations of fraud." <u>Id</u> <u>at</u> 791. *Seville's* rational is clear and, therefore, is quoted in its entirely as follows:

> In the present case, *Seville* adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with **great** specificity the pieces of machinery that were the subject of the alleged fraud. **Moreover,** *Seville* divided this list into five "exhibits" and identified which pieces of equipment were the subject of which alleged fraudulent transaction. The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation.

As stated in Defendants' Motion to Dismiss, Plaintiff failed to provide any type of "precision" and/or "specificity" as required by Fed. R. Civ. P Rule 9(b), cases cited in Defendants' Motion to Dismiss or <u>even</u> the *Seville* case now presented to the Court by Plaintiff.

Even in Plaintiff's attempted "second bite of the apple", he has failed to show this Court any precision or even "some measure of substantiation" of the fraud claims alleged against Defendants. Therefore, Defendants Minuteman Press International, Inc. and Robert Emmett again respectfully request this Court to dismiss (i) Plaintiff's Second Amended Complaint and Third Amended Complaint

in accordance with their Motion to Dismiss and (ii) Plaintiff's Motion to File Partial Substitute Brief in Response to Defendants' Motion to Dismiss.

Respectfully submitted,

_____
Harris J. Chernow
John J. Jacko III
PA. I.D. No. 52577/67477
**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**
11 Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
215-665-3854

Attorneys for Defendants
Minuteman Press International, Inc. and
Robert Emmett

## CERTIFICATE OF SERVICE

I, Harris J. Chernow, hereby certify that on this 31 day of August, 2001, I caused a copy of the foregoing Brief in Reply to Plaintiff's Motion to File Partial Substitute Brief in Response to Defendants Minuteman Press International, Inc. and Robert Emmett's Motion to Dismiss to be served via First Class U.S. Mail, postage prepaid, upon the following counsel of record:

>Robert J. White, Esquire
>P.O. Box 3005
>York, PA 17402
>
>and
>
>Marvin Beshore, Esquire
>Milspaw & Beshore
>130 State Street
>P.O. Box 946
>Harrisburg, PA 17108-0946
>
>Charles Rees Brown, Esquire
>2080 Linglestown Road
>Suite 202
>Harrisburg, PA 17110

_/s/ Harris J. Chernow_
Harris J. Chernow

468409 -1;PHL1