FILED
HARRISBURG

JAN 0 3 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. SHAFFER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 01-CV-1065 |
| | : | JUDGE SYLVIA H. RAMBO |
| SUSAN D. GRAYBILL AS AN | : | |
| INDIVIDUAL AND AS | : | |
| ADMINISTRATRIX OF | : | |
| THE ESTATE OF DENNIS M. | : | |
| GRAYBILL, | : | |
| MINUTEMAN PRESS | : | |
| INTERNATIONAL, INC., | : | |
| and ROBERT EMMETT, | : | |
| | : | |
| Defendants | : | |

## ANSWER

AND NOW, Susan D. Graybill, as an individual and as Administratrix of the Estate of Dennis M. Graybill, by and through her undersigned counsel, files this Answer and Counterclaim against the Plaintiff Michael A. Shaffer, and, in support thereof, states as follows:

1

1. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. Strict demand is made for proof at trial.

2. Admitted in part, denied in part. It is expressly denied that the Defendant Susan Graybill operated a Minuteman Press Franchise; the said business was operated exclusively by her late husband, Dennis M. Graybill. All other portions of this averment are admitted.

3. Admitted.

4. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. Strict demand is made for proof at trial.

5. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. Strict demand is made for proof at trial.

6. This averment requires no response.

7. This averment requires no response.

8. Admitted in part, denied in part. It is admitted that the late Dennis M. Graybill operated a Minuteman Press franchise and later sold said franchise to the Plaintiff pursuant to the agreements set forth in the Plaintiff's Complaint. It is denied that the Defendant Susan Graybill, in her individual capacity in any way operated the subject franchise. By way of clarification, the Defendant Susan Graybill executed the sales agreement underlying the instant transaction at the insistence of Plaintiff's counsel and not by reason of her involvement or operation of the business.

9. This averment requires no response.

10. Denied.

11. Admitted in part, denied in part. It is admitted only to the extent that the Dennis M. Graybill owned the subject franchise. All other averments of this paragraph are denied.

12. Denied.

13. It is expressly denied that the Defendant Susan Graybill made any representations or statements to the Plaintiff in connection with any of the facts alleged in this averment. After reasonable investigation, the Defendant Susan Graybill is without information sufficient to permit her to form a belief as to the veracity of the remaining averments in this

3

paragraph, including its constituent subparagraphs, and, therefore, denies the same. Strict demand is made for proof at trial.

14. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. Strict demand is made for proof at trial.

15. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

16. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

17. There is no paragraph 17 in Plaintiff's complaint. The numbered paragraphs proceed from 16 directly to 18.

18. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

19. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

20. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

21. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

22. This averment is a conclusion of law which requires no response.

23. The averment requires no response.

24. through 31. The Plaintiffs Complaint and First Amended Complaint contain no averments 24 through 31. These pleadings proceed from 23 directly to 32.

32. This averment requires no response.

33. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of

this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

34. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

35. This averment is not directed at the Defendant Graybill; however, to the extent relevant this averment is a conclusion of law which requires no response.

36. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this averment, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

37. After reasonable investigation, the Defendant Graybill is without information sufficient to enable her to form a belief as to the veracity of this paragraph, including its constituent subparagraphs, and, therefore, denies the same. To the extent relevant, strict demand is made for proof at trial.

38. This averment is a conclusion of law which requires no response.

39. This averment requires no response.

40. This averment is a conclusion of law which requires no response.

41. This averment requires no response.

WHEREFORE, the Defendant Susan D. Graybill, as an individual and as Adminstratrix of the Estate of Dennis M. Graybill, prays that this Court dismiss the within claims of the Plaintiff.

## COUNTER CLAIMS

### COUNT I

42. The foregoing paragraphs are incorporated herein by reference.

43. On October 5, 2000, the Plaintiff executed a Note payable to the order of Dennis M. Graybill in the principal amount of $50,000.00 plus interest at a rate of 10%, payable in 84 equal month installments of $830.06, commencing November 1, 2000. To date the Plaintiff has made payments in November and December, 2000 and in January, 2001. Since these dates, Plaintiff has refused and failed to make any further payments due under said Note, and is in default of the terms and conditions of said Note, a copy of which is attached hereto as Exhibit A.

44. The Plaintiff owes the Defendant Susan D. Graybill, as successor-in-interest to Dennis M. Graybill, the sums of money due under the aforementioned Note.

WHEREFORE, the Defendant/Counter-Claim Plaintiff prays this Court render judgment in its favor for (1) $50,000.00 plus interest; and (2) attorneys fees and costs of suit.

## COUNT II

45. The foregoing paragraphs are incorporated herein by reference.

46. On October 5, 2000, the Plaintiff executed an Assignment, Assumption of Responsibility and Indemnification Agreement with Dennis M. Graybill, deceased. Pursuant to the express terms of this agreement, the Plaintiff agreed to assume all liability for contractual obligations due and owing to certain business entities, including, but not limited to Canon Financial Services, Inc. and Textron Financial Corporation. Furthermore, pursuant to this agreement, the Plaintiff agreed to defend, indemnify and hold harmless Dennis M. Graybill from and against any and all claims, liabilities and obligations of every kind arising out of Plaintiff's failure to perform the obligations called for under the respective contracts. A true and correct copy of this agreement is attached hereto as Exhibit B.

47. As of the date of the filing of this Answer and Counter-claims, the Plaintiff has breached his obligations to perform under the agreements with Canon Financial Services, Inc. and Textron Financial Corporation. To date the total amount due and owing to Textron Financial

8

Corporation is $69,584.00. To date the total amount due and owing Canon Financial Services, Inc. is $23,638.25. The failure of the Plaintiff to pay the aforementioned sums is in breach of the agreement set forth at Exhibit B.

48. The Defendant Susan D. Graybill is successor-in-interest to Dennis M. Graybill, deceased.

WHEREFORE, the Defendant/Counter-claim Plaintiff prays that this Court enter judgment in its favor for (1) the sum of $93,222.25, plus interest, and (2) attorneys fees and costs of suit.

Respectfully submitted,

Nicholas & Foreman, P.C.

_____
Charles Rees Brown
Supreme Court No. 70612
4409 North Front Street
Harrisburg, PA 17110
(717) 236-9391

Attorney for Defendants
Susan D. Graybill, individual
Susan D. Graybill,
Administratrix, Estate of
Dennis M. Graybill

Case 1:01-cv-01065-SHR   Document 22   Filed 01/03/2002   Page 10 of 18

## TABLE OF CONTENTS

EXHIBIT A:                    PROMISSORY NOTE

EXHIBIT B:                    ASSIGNMENT AGREEMENT

Case 1:01-cv-01065-SHR    Document 22    Filed 01/03/2002    Page 11 of 18

## **JUDGMENT NOTE**

AMOUNT: **$50,000.00**                                                                 DATED: **October 5, 2000**

      **I, the undersigned, Michael A. Shaffer**, of 4101-C Fawn Square, Harrisburg, Dauphin County, Pennsylvania 17112, promise to pay to the order of **Dennis M. Graybill**.(the "Note Holder") the principal sum of Fifty Thousand and 00/100 Dollars ($50,000.00), the balance due for the purchase of the business and assets of the Minuteman Press franchise at 855 Market Street, Lemoyne, PA, with interest at the rate of ten percent (10%) per annum, in eighty-four (84) equal monthly payments of $830.06 beginning November 1, 2000, upon the terms and conditions herein.

      **Default and late payments.** If the Note Holder has not received the full amount of any monthly payment by the end of ten (10) calendar days after the date it is due, I will pay a late charge to the Note Holder in the amount of five percent (5%) of the overdue payment of principal and interest. I will pay the late charge promptly but only once on each late payment. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

      **Notice of Default.** If I am in default, the Note Holder will personally deliver to me or send me a written notice by certified mail telling me that if I do not pay the overdue amount by a certain date (the "cure date"), the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That cure date must be at least thirty (30) days after the date on which the notice is personally delivered to me or received, if mailed. The written default notice, if mailed, shall be mailed to both my personal and business addresses, which are: Michael A. Shaffer, 4101-C Fawn Square, Harrisburg, Pennsylvania 17112; and Michael A. Shaffer, Minuteman Press, 855 Market Street, Lemoyne, PA 17043.

      **No Waiver By Note Holder.** Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

      **Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of his costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

      AND FURTHER, upon default, I do hereby authorize and empower any attorney of any Court of Record of Pennsylvania or elsewhere to appear for me and enter judgment against me for the above sum together with interest accrued thereon, with or without declaration, with costs of suit, with release of errors and without stay of execution. I also waive the right of inquisition on any real estate that may be levied upon to collect this Note, and do hereby voluntarily condemn the same, and

authorize the Prothonotary to enter upon the writ of execution said voluntary condemnation; and do hereby waive and release all relief from any and all appraisement, stay of execution, or exemption or bankruptcy law, of this or any other State now in force or hereafter to be passed.

THE UNDERSIGNED agrees and acknowledges that the rights granted herein to any holder of this Note shall not be exhausted by a single entry of judgment, and that judgment may be entered hereon from time to time and any number of times, and in any jurisdiction or number of jurisdictions, so long as any sum or sums payable hereunder by the undersigned remain unpaid and uncollected by such holder.

**THE UNDERSIGNED, specifically authorizes the entry of judgment against him and waives any rights that he may have preventing the entry of judgment or requiring that notice first be given to him, intentionally, understandingly and voluntarily doing so.**

IN WITNESS WHEREOF, the undersigned has executed this Judgment Note this 5th day of October, 2000.

WITNESS:

_____          _____
                                    MICHAEL A. SHAFFER

# DISCLOSURE FOR CONFESSION OF JUDGMENT

I am executing this 5th day of October, 2000, a Judgment Note for Fifty Thousand and 00/100 Dollars ($50,000.00), obligating me to pay that amount.

Witness:

_____           _____
                                                          MICHAEL A. SHAFFER

I hereby acknowledge that I have been advised that the Note contains wording that would permit Dennis M. Graybill to enter judgment against me at the Courthouse, whether or not said Note is in default, without notice to me and without offering me an opportunity to defend against the entry of judgment, and that the judgment may be collected by any legal means.

Witness:

_____           _____
                                                          MICHAEL A. SHAFFER

In executing this Note, I am knowingly, understandingly, and voluntarily waiving any rights to resist the entry of judgment against me at the Courthouse and I am consenting to the confession of judgment.

Witness:

_____           _____
                                                          MICHAEL A. SHAFFER

I certify and acknowledge that the basis for the indebtedness evidenced by the Judgment Note is a business related transaction.

Witness:

_____          _____
                                                                           MICHAEL A. SHAFFER

I certify that my annual income exceeds Ten Thousand Dollars ($10,000.00); that the blanks in this disclosure were filled in when I initialed and signed it; and that I received a copy of same at the time of signing.

Witness:

_____          _____
                                                                           MICHAEL A. SHAFFER

## ASSIGNMENT, ASSUMPTION OF RESPONSIBILITY AND INDEMNIFICATION AGREEMENT

KNOW ALL MEN BY THESE PRESENTS that I, DENNIS M. GRAYBILL ("Seller"), for and in consideration of the sum of ONE DOLLAR ($1.00) and other good and valuable consideration to me in hand paid by MICHAEL A. SHAFFER ("Purchaser"), receipt of which is hereby acknowledged, have sold and do by these presents grant, convey, sell, assign, and transfer unto MICHAEL A. SHAFFER, all of my rights, title, and interest in, and any remaining obligations thereunder, from this date forward, to the following:

1. Equipment lease with Xerox Corp.;

2. Equipment lease with Textron;

3. Equipment lease with Cannon Financial;

5. Contract for ad with Donald Harvey Co.; and

6. Contract for ad with Yellow Book.

MICHAEL A. SHAFFER does hereby acknowledge and accept the assignment of the above-referenced items. Furthermore, MICHAEL A. SHAFFER agrees to defend, indemnify, and hold harmless Seller from and against any and all claims, liabilities, and obligations of every kind and description arising out of or related to the Purchaser's failure to perform obligations of Seller assumed by Purchaser pursuant to this Agreement.

The parties hereto agree to execute any further documents, if any be necessary, to effectuate the transfer and assignment of these interests.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this 25th day of September, 2000.

**WITNESS:**

_____     _____
                                                                   DENNIS M. GRAYBILL, Seller

_____     _____
                                                                   MICHAEL A. SHAFFER, Purchaser

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

MICHAEL A. SHAFFER, :
:
      Plaintiff :
:
v. : CIVIL ACTION NO. 01-CV-1065
: JUDGE SYLVIA H. RAMBO
SUSAN D. GRAYBILL AS AN :
INDIVIDUAL AND AS :
ADMINISTRATRIX OF :
THE ESTATE OF DENNIS M. :
GRAYBILL, :
MINUTEMAN PRESS :
INTERNATIONAL, INC., :
and ROBERT EMMETT, :
:
      Defendants :

## CERTIFICATE OF SERVICE

    I, Charles Rees Brown, hereby certify that the foregoing Answer and Counter-claims of the Defendant Susan D. Graybill, individual and adminstratrix, were served this 3rd day of January, 2002, by depositing the same in the United States mail, first-class, postage pre-paid, addressed as follows:

Robert J. White, Esq.  
Attorney at Law  
P.O. Box 3005  
York, PA 17402  
Counsel for Plaintiff

Harris J. Chernow, Esq.  
Buchanan Ingersoll  
Eleven Penn Center, 14th Floor  
1835 Market Street  
Philadelphia, PA 19103  
Counsel for Defendants Minuteman Press Int'l., Inc.  
Counsel for Defendant Robert Emmett

                                                    *Charles Rees Brown*  
                                                    Charles Rees Brown

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. SHAFFER, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> SUSAN D. GRAYBILL AS AN : <br> INDIVIDUAL AND AS : <br> ADMINISTRATRIX OF : <br> THE ESTATE OF DENNIS M. : <br> GRAYBILL, : <br> MINUTEMAN PRESS : <br> INTERNATIONAL, INC., : <br> and ROBERT EMMETT, : <br> : <br> Defendants : | CIVIL ACTION NO. 01-CV-1065 <br> JUDGE SYLVIA H. RAMBO |

## CERTIFICATE OF SERVICE

I, Charles Rees Brown, hereby certify that the foregoing Answer and Counter-claims of the Defendant Susan D. Graybill, individual and adminstratrix, were served this 3rd day of January, 2002, by depositing the same in the United States mail, first-class, postage pre-paid, addressed as follows:

Robert J. White, Esq.  
Attorney at Law  
P.O. Box 3005  
York, PA 17402  
Counsel for Plaintiff

Harris J. Chernow, Esq.  
Buchanan Ingersoll  
Eleven Penn Center, 14th Floor  
1835 Market Street  
Philadelphia, PA 19103  
Counsel for Defendants Minuteman Press Int'l., Inc.  
Counsel for Defendant Robert Emmett

_____  
Charles Rees Brown

10