FILED
HARRISBURG
JAN 2 2 2002
MARY E. D'ANDREA, CLERK
Per ________
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL A. SHAFFER, Plaintiff, | |
| v. | CIVIL ACTION NO. 01-CV-1065 Judge Sylvia H. Rambo |
| SUSAN GRAYBILL AS AN INDIVIDUAL AND AS ADMINISTRATRIX OF THE ESTATE OF DENNIS M. GRAYBILL, MINUTEMAN PRESS INTERNATIONAL, INC., and ROBERT EMMETT, Defendants. | |

**DEFENDANTS MINUTEMAN PRESS INTERNATIONAL, INC.'S AND ROBERT EMMETT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO STAY THE PROCEEDINGS PENDING THEIR MOTION FOR RECONSIDERATION AND APPEAL**

Defendants Minuteman Press International, Inc. ("Minuteman") and Robert Emmett (collectively, "Moving Defendants") hereby move for a stay of the proceedings pending a decision by this Court on Defendants' Motion for

Reconsideration and by the United States Court of Appeals for the Third Circuit of its appeal on the arbitrability of Plaintiff Michael Shaffer's ("Plaintiff") claims under the Federal Arbitration Act, 9 U.S.C. §1, *et seq*., based on this Court's December 21, 2002 Order and Memorandum in which this Court refused to enforce an arbitration clause contained in the franchise agreement between Minuteman and Plaintiff.[1]

## I. INTRODUCTION

In this case, Plaintiff filed a Complaint in the Court of Common Pleas for Cumberland County on May 3, 2001. Thereafter, Plaintiff filed and served a First Amended Complaint on or about May 19, 2001. In the First Amended Complaint, Plaintiff first raised the federal questions that formed the basis of the removal of the state court action to this Court on June 15, 2001.

On June 22, 2001, Defendants filed their Motion to Dismiss, in part, seeking enforcement of the arbitration clause of the Franchise Agreement pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq*. Plaintiff filed his response to the Motion to Dismiss on July 10, 2001 and Defendants filed a reply in support of the Motion to Dismiss on July 20, 2001. On December 21, 2001, the Court issued its Order which, in part, refused to enforce the arbitration clause. Defendants filed an

---

[1] Defendants hereby incorporate by reference their Motion to Dismiss, Reply in Support of the Motion to Dismiss, Motion for Reconsideration, and Notice of Appeal pursuant to Fed.R.Civ.P. 10(c).

Answer, Affirmative Defenses and Counterclaim on January 8, 2002.[2] Defendants also filed a Motion for Reconsideration of the Court's December 21, 2001 Order and Memorandum ("Reconsideration Motion") denying enforcement of the arbitration clause on January 8, 2002. The Reconsideration Motion is pending before the Court.

On January 18, 2002, Defendants filed their Notice of Appeal of the Court's December 21, 2001 Order and Memorandum asking the United States Court of Appeals for the Third Circuit to rule on the arbitrability of Plaintiff's claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. §3, *et seq*. ("Appeal")

## II. THE COURT SHOULD STAY THE PROCEEDINGS PENDING THE RECONSIDERATION MOTION AND APPEAL OF THE COURT'S DECEMBER 21, 2001 ORDER REFUSING TO ENFORCE THE ARBITRATION CLAUSE OF THE FRANCHISE AGREEMENT

As required by 9 U.S.C. § 3, the Court should enter an order staying this matter pending arbitration in accordance with the terms of the Franchise Agreement.

Given the arbitration basis for the Reconsideration Motion and Appeal, the Court must stay the entire proceedings. Even though the moving Defendants are the only defendants with whom Plaintiff must arbitrate, the unequivocal language of the FAA mandates a stay of the entire action. Section 3 of the FAA "plainly requires that a district court stay litigation where **issues** presented in the litigation

[2] Defendants' Answer, Affirmative Defenses and Counterclaim were filed in accordance with the rules of this Court and contained a notice of Defendants' non waiver of its right to seek arbitration and that the filing was not to be construed as a waiver by Defendants.

are the subject of an arbitration agreement," even as to Graybill Defendants who are not parties to the agreement. *Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167 (7th Cir. 1993) (*quoting Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp.*, 916 F.2d 402, 407 (7th Cir. 1990)); *see McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1108 (2d Cir.), *cert. denied*, 498 U.S. 897 (1990) (because the court has no discretion and must stay all issues subject to arbitration, claims against non-parties to the arbitration agreement that are wholly dependent on the claims subject to arbitration cannot proceed). In *Kroll*, another case where a franchisee sued a franchisee and other defendants in a dispute arising under a Subway franchise agreement, the United States Court of Appeals for the Seventh Circuit held that the FAA compelled a stay of the entire case, including all of the claims against the franchisor's co-defendant. *Kroll*, 3 F.3d at 1171.

To stay the action against all defendants is the only sensible course. The case should not proceed in whole or in part. Permitting the case to proceed against two defendants while the other defendants and Plaintiff arbitrate would create a significant risk of inconsistent results. Among other things, allowing this lawsuit to go forward "may impair an arbitrator's consideration of claims against" Minuteman, and could have collateral estoppel effect in the arbitration, a result that would violate the unequivocal policy of the FAA favoring arbitration. To stay the case, on the other hand, would constitute true enforcement of Plaintiff's obligation



to arbitrate and would also further the important public policy of judicial economy. Whichever side ultimately prevails, the arbitration has the potential to resolve many disputed issues of fact and law that would otherwise need to be litigated, and might well eliminate the need for any further litigation.

Under similar circumstances, many courts have held that concerns of judicial economy require a stay of litigation pending the outcome of related arbitration. *See, e.g., Contracting Northwest, Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 386-87 (8th Cir. 1983) (Section 3 of the FAA "is broad enough to permit the stay of litigation between non-arbitrating parties as long as the lawsuit is based on issues referable to arbitration"); *American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980) (where there are issues of fact common to pending litigation and arbitration, concerns for judicial economy and avoidance of confusion and inconsistent result "militate in favor of staying entire action in favor of arbitration"); *Sam Reisfeld & Son Import Co. v. S.a. Eteco*, 530 F.2d 679, 681 (5th Cir. 1976) (stay entered as to parent and successor corporations even though they were not parties to arbitration agreement where the charges against them were based on the same operative facts as alleged against the arbitrating party); *Western Int'l Media Corp. v. Johnson*, 754 F. Supp. 871, 874 (S.D. Fla. 1990) (stay of litigation where defendants are allegedly alter-ego entities and continuation of proceedings against them "would circumvent the effect and

purpose of the arbitration agreement"); *Hikers Indus., Inc. v. William Stuart Indus. (Far East) Ltd.*, 640 F. Supp. 175, 178 (S.D.N.Y. 1986); *Rhone Mediterranee Compagnia Francese v. Lauro*, 555 F. Supp. 481, 486-87 (D.V.I. 1982) (action stayed against non-arbitrating individual defendant because arbitration against other defendant would determine the liability of both parties), *aff'd*, 712 F.2d 50 (3d Cir. 1983); *Al-Haddad Bros. Enter., Inc. v. M.S. Agapi*, 551 F. Supp. 956, 960 (D. Del. 1982) (staying all claims against non-arbitrating defendant, although claims depended on different facts and theories for recovery than arbitrable claims, because the arbitration would serve the interests of judicial economy by fixing the total amount of plaintiffs' compensable loss); *Societe Nationale Pour La Recherche, etc. v. General Tire & Rubber Co.*, 430 F. Supp. 1332, 1334 (S.D.N.Y. 1977) (finding that under judicial economy considerations, claims charging one defendant with tortious interference with contract should be stayed pending an arbitration of plaintiff's claims charging another defendant with the contract breach that the non-arbitrating defendant had allegedly induced); *Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F. Supp. 1146, 1151 (S.D.N.Y.) (if court allowed plaintiff to require the litigation of arbitrable issues "the federal policy in favor of arbitration would be thwarted"), *aff'd*, 486 F.2d 1394 (2d Cir. 1973).

Defendants filed their Reconsideration Motion on January 8 and the Notice of Appeal on January 18, 2002. Defendants' discovery has not occurred because



Defendants could not pursue affirmative discovery so as not to give any impression of waiving their rights to seek arbitration.[3] Pursuant to the Court's August 10, 2001 Order, discovery is scheduled to end on April 1, 2002. "[I]t is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (holding that a non-frivolous appeal from an order denying a motion to compel arbitration requires a stay of all district court proceedings until the appeal is decided). In *Bradford-Scott*, Circuit Judge Easterbrook expressly stated:

> Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A), *however; it is the mirror image of the question presented on appeal.* Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.
>
> * * *
>
> The ***worst possible outcome*** *would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated*, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an

---

[3] Subsequent to the Court's Order of December 21, 2001, Defendants served Plaintiff with Interrogatories and Request for Production of Documents and thereafter placed Plaintiff on notice not to respond until the Motion for Reconsideration and any appeal has been adjudicated so as not to be construed as a waiver of Defendants' right to seek arbitration.



> appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.
>
> * * *
>
> An appeal authorized by § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide.
>
> * * *
>
> Either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case. Otherwise preparation for trial must be suspended until the court of appeals renders a decision.

*Bradford-Scott*, 128 F.3d at 505-506 (referencing 9 U.S.C. §16) (emphasis added).

A stay of the proceedings is entirely appropriate and of absolute necessity in order to avoid the potential for anomalous outcomes that were of concern to the *Bradford-Scott* court. The appeal at issue cannot be deemed frivolous as it concerns the very authority of this court to consider the merits of Plaintiff's claims. *Baron v. Best Buy Co., Inc.*. 79 F. Supp.2d 1350 (S.D. Fla. 1999). At least one court has even granted a stay of proceeding pending an appeal under 9 U.S.C. §16 where it refused to substitute its judgment for that of the appellate court even though the arguments for arbitration were found to be "wholly unconvincing". *Cendant Corp. v. Forbes*, 72 F. Supp.2d 341 (S.D.N.Y. 1999).



The action before this Court remains at a preliminary stage with a discovery deadline of April 1, 2002 only little more than two (2) months away. A stay would promote judicial economy in accordance with Fed.R.Civ.P. 1, without prejudicing Plaintiff, by allowing the parties to avoid litigating in two (2) different courts at the same time, without prejudicing Defendants by continuing in this Court and possibly being deemed to have waived their right to arbitration, and insulating the parties from any anomalous outcomes as posited by the *Bradford-Scott* court.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay this proceeding pending a decision by this Court of the Reconsideration Motion and the United States Court of Appeals for the Third Circuit on the arbitrability of Plaintiff's claims under the Federal Arbitration Act, 9 U.S.C. § 3 in the form of Order attached.

Respectfully submitted,

Harris J. Chernow
John J. Jacko III
P.A. I.D. Nos. 52577/67477
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 665-3854
Attorneys for Defendants,
Minuteman Press International, Inc. and
Robert Emmett

Dated: January 22, 2002