FILED
HARRISBURG
JAN 31 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| MICHAEL A. SHAFFER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 01-CV-1065 |
| : | Judge Sylvia H. Rambo |
| SUSAN GRAYBILL AS AN : | |
| INDIVIDUAL AND AS : | |
| ADMINISTRATRIX OF THE ESTATE : | |
| OF DENNIS M. GRAYBILL, : | |
| MINUTEMAN PRESS : | |
| INTERNATIONAL, INC., : | |
| and ROBERT EMMETT, : | |
| : | |
| Defendants. : | |

**DEFENDANTS MINUTEMAN PRESS INTERNATIONAL,
INC.'S AND ROBERT EMMETT'S SUR-REPLY
MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION AND OPPOSITION TO PLAINTIFF'S
CROSS-MOTIONS TO STRIKE AND FOR
<u>RECONSIDERATION</u>**

Defendants Minuteman Press International, Inc. ("Minuteman") and Robert Emmett (together, "Moving Defendants") reply in support of their Motion for Reconsideration in opposition to Plaintiff Michael A. Shaffer's ("Plaintiff") response in opposition thereto and his cross-motions to strike and for Reconsideration as follows:[1]

## I. DEFENDANTS' MOTION FOR RECONSIDERATION WAS TIMELY FILED

Plaintiff's Motion to Strike is baseless. It is without question that Moving Defendants timely filed their Motion for Reconsideration within the ten (10) day period prescribed by LR 7.10. Fed. R.Civ.P. 6 (a) states that if the time allowed by the rules is less than eleven (11) days, then the "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Christmas Day and New Year's Day are expressly excluded from the computation. *Id.* Moreover, "any other day appointed as a holiday by the President . . . of the United States" is also to be excluded, *Id,* which, in this case, would be December 24, 2001.[2]

---

[1]    Moving Defendants hereby incorporate by reference their Motion for Reconsideration pursuant to Fed.R.Civ.P. 10(c).

[2]    The White House Bulletin dated December 21, 2001 stated that, "With President Bush declaring Christmas Eve a federal holiday, today's edition of the White House Bulletin will be the last for 2001." Also, on December 12, 2001, the Associated Press reported that President Bush "declared the Monday before Christmas a federal holiday."

The Court issued its Order and Memorandum on December 21, 2001. Without accounting for the three (3) days allotted under the "mail box rule" of Fed.R.Civ.P. 6(e) and excluding holidays and weekends, the deadline for filing the Motion for Reconsideration was January 8, 2002. If December 24, 2001 were also excluded as a holiday, then the deadline would have been January 9, 2002. If the mail box rule were applied, then the deadline would have been January 14, 2002. Irrespective of the scenario or computation, the filing of the Motion for Reconsideration on January 8, 2002 was timely. Accordingly, Plaintiff's cross-motion to strike the Motion for Reconsideration must be denied.

## II. PLAINTIFF'S CROSS-MOTION FOR RECONSIDERATION SHOULD BE DENIED AS UNTIMELY

For the same reasons that Defendants' Motion for Reconsideration was timely, Plaintiff's Cross-Motion for Reconsideration is untimely pursuant to LR 7.10 and Fed.R.Civ.P. 6(a). Irrespective of how the period is calculated, Plaintiff filed his motion on January 17, 2002, well beyond the requisite ten (10) day period.

## III. WHETHER THE FRANCHISE CONTRACT IS AN ADHESION CONTRACT IS FOR AN ARBITRATOR, AND NOT THE COURT, TO DECIDE

Plaintiff's bald claim that the proposed Franchise Agreement he signed (and the arbitration clause it contains) is an adhesion contract simply is not enough to defeat the overriding public policy favoring arbitration that the Federal Arbitration

Act ("FAA") implements. Arent v. Shearson/American Express, Inc., 633 F. Supp. 770 (D. Mass. 1985). Indeed, a broad-brush attack on a contract providing for arbitration, whether it be a claim that it is an adhesion contract or the product of fraud, is insufficient to defeat application of an arbitration clause. Hamilton v. Dean Witter Reynolds, Inc., 1989 WL 89434 (W.D. Pa). In such cases, any challenge to the agreement, such as fraud, adhesion, unconscionability, illegality, and duress, is to be decided by the arbitrator, Id. at *4 and cases collected therein.

Similarly, Plaintiff's claim that the arbitration clause "is designed to further [MMP's] unlawful schemes and activities" (Complaint at ¶40) is itself arbitrable -- it does not attack the formation of the agreement to arbitrate, it merely questions MMP's motives in proposing arbitration ["a federal court may consider only issues relating to the making and performance of the agreement to arbitrate", Prima Paint Corporation v. Floyd & Conklin Mfg. Co., 388 U.S. 395, 402, 87 S.Ct 1801, 1806 (1967) (emphasis added)].

According to Plaintiff, the impropriety of MMP's motive in providing for arbitration is shown because arbitrators available from the CPR Institute for Dispute Resolution (which the Franchise Agreement selects as arbitration service provider) charge $250 per hour (Plaintiff's Brief in Opposition to Defendants' Motion for Reconsideration at 5). The payment of a fee for private arbitration under the Franchise Agreement is a mutual obligation; it is neither one-sided, or

unreasonably favorable to one party over the other "... [Plaintiff has] cited no authority to support the notion that an arbitration clause is a term that is inherently favorable to [MMP]. On the contrary, such a proposition flies in the face of strong public policies favoring arbitration" Trott v. Paciolla, 748 F. Supp. 305 (E.D. Pa. 1990). Further, even if Plaintiff had no meaningful choice with respect to the arbitration clause, lack of choice alone does not make a contract clause unconscionable, illegal or adhesive [U]nconscionability may be expressed as the lack of meaningful choice <u>coupled</u> with a contract term which is so one-sided as to be oppressive," Stanley A. Klopp, Inc. v. John Deere Co., 510 F.Supp. 807, 810 (E.D. Pa. 1981) (emphasis added).

Surely, it is conceivable, although unlikely, that a commercial contract or contract clause can be an adhesion contract, Stanley A. Klopp, Inc., 510 F.Supp at 810 and cases cited there. The mere possibility of such a conclusion, however, is not enough to scrap an otherwise facially valid arbitration clause.

Whether Plaintiff's unsupported allegations "amount to a valid cause of action" (Court's Memorandum of December 21, 2001 at 7) attacking the arbitration clause is not the test in enforcing, or not, an arbitration clause under the FAA. The Court may only refuse to enforce an arbitration clause if it concludes that the parties did not agree to arbitrate. Mitsubishi Motors Corporation v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 62, 105 S.Ct. 3346, 3353 (1985); absent

such a finding, based on credible evidence, federal policy and Supreme Court precedent require enforcement of an arbitration clause.

## IV. CONCLUSION

For the foregoing reasons, Defendants Minuteman Press International, Inc. and Robert Emmett respectfully request that this Court reconsider its December 21, 2001 Order and Memorandum, strike Plaintiff's Motion to Strike Defendants' Motion for Reconsideration and Strike Plaintiff's Motion for Reconsideration.

Respectfully submitted,



Harris J. Chernow
John J. Jacko III
P.A. I.D. Nos. 52577/67477
**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 665-3854

Attorneys for Defendants
Minuteman Press International, Inc. and
Robert Emmett

Dated: January 30, 2002

## CERTIFICATE OF SERVICE

I, Harris J. Chernow, hereby certify that on this $3^0$ day of January, 2002, I caused a copy of Defendants Minuteman Press International, Inc.'s and Robert Emmett's Reply in Support of Their Motion for Reconsideration and Cross-Motions to Strike and for Reconsideration to be served via First Class U.S. Mail, postage prepaid, upon the following counsel of record:

> Robert J. White, Esquire
> P.O. Box 3005
> York, PA 17402

and

> Charles Rees Brown, Esquire
> Nicholas & Foreman, P.C.
> 4409 North Front Street
> Harrisburg, PA 17110

and

> Marvin Beshore, Esquire
> Milspaw & Beshore
> 130 State Street
> P.O. Box 946
> Harrisburg, PA 17108-0946

_____
Harris J. Chernow

485367 -2;PHL1