

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. SHAFFER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 01-CV-1065 |
| | : Judge Sylvia H. Rambo |
| SUSAN GRAYBILL AS AN INDIVIDUAL AND AS ADMINISTRATRIX OF THE ESTATE OF DENNIS M. GRAYBILL, MINUTEMAN PRESS INTERNATIONAL, INC., and ROBERT EMMETT, | : |
| Defendants. | |

FILED
HARRISBURG, PA
FEB 14 2002
MARY E. D'ANDREA, CLERK
Per _____

**DEFENDANTS MINUTEMAN PRESS INTERNATIONAL, INC.'S
AND ROBERT EMMETT'S SUR-REPLY MEMORANDUM IN
<u>SUPPORT OF MOTION TO STAY THE PROCEEDING</u>**

Defendant's Minuteman Press International, Inc. ("Minuteman") and Robert

Emmett (together, "Moving Defendants") reply in support of Motion to Stay the

Proceeding[1] ("Motion") in opposition to plaintiff Michael A. Shaffer ("Plaintiff") response in opposition thereto as follows:

Moving Defendants are compelled to file this sur-reply as Plaintiff's response to the Motion provides references to overruled cases, citations to cases that do not stand for the propositions asserted by Plaintiff, and incorrect citations.

In paragraph 6 of Plaintiff's Brief in Opposition to Defendant's Motion to Stay the Proceeding, Plaintiff cites the following cases: *Cook v. Erbey*, 207 F.3d 554 [sic] 1104 (9th Cir. 2000); *In re Salomon Inc. Shareholders' Derivative Action*, 68 F.3d. 554 (2d Cir. 1995); *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990).

The correct citation to *Cook v. Erbey* is 207 F.3d 1104 (9th Cir. 2000). The *Cook* case, however, was overruled by *Interactive Flight Technologies Inc. v. Swiss Air and Swiss Air Transport Co., Ltd.*, 249 F.3d 1177, 1179 (9th Cir. 2001), and does not address the issue of whether a stay should be granted. Rather in *Cook*, the Ninth Circuit determined that it did not have jurisdiction to decide the appeal of a district court's grant of a motion to dismiss due to the existence of an agreement to arbitrate. Subsequently, *Interactive Flight* overruled *Cook* holding

---

[1] Defendants incorporate by reference their Motion to Stay the Proceeding and supporting Memorandum thereto pursuant to Fed.R.Civ.P. 10(c).

that a dismissal based upon an arbitration agreement is an appealable order. *Id.* at 1179.

In *In re Salomon Inc. Shareholder's Derivative Action, supra.*, the Second Circuit affirmed a district judge's decision to deny a motion for appointment of a substitute arbitrator and setting the case for trial after the district court had ordered the parties to arbitrate their dispute before the contractually agreed upon arbitrator and that arbitrator refused to conduct an arbitration. On appeal, the issue was whether the district judge had to appoint another arbitrator or was required to continue with the matter in the district court after the arbitrator refused to conduct an arbitration.

The *Britton v. Co-op Banking Group* case dealt with whether a *pro se* defendant who participated in litigation had waived his right to compel arbitration.

None of the cases relied upon by Plaintiff stands for the proposition, as asserted by Plaintiff, that "an appeal concerning arbitration does not affect proceedings to resolve the merits of the case", let alone would give "a crafty litigant too much ability to disrupt the district judge's schedule by filing frivolous appeals" (Plaintiff's Opposition Brief at 2).

Plaintiff's opposition brief is nothing more than a poorly veiled attempt to interject an argument in opposition to the Motion that is wholly unsupported by case law by misstating the case law upon which Plaintiff purports to rely.

Additionally, Plaintiff includes within his opposition response scandalous and impertinent statements that have no baring whatsoever on this matter and which should be stricken from the record. *See* Plaintiff's Opposition Brief at 4-5, ¶13.

For the foregoing reasons and those contained in Moving Defendants' Motion to Stay the Proceedings, Defendant Minuteman Press International, Inc. and Robert Emmett request that this Court grant the Motion to Stay the Proceedings.

Respectfully submitted,

*/s/ Harris J. Chernow*
Harris J. Chernow (PA I.D. No. 52577)
John J. Jacko, III (PA I.D. No. 67477)
**BUCHANAN INGERSOLL**
**PROFESSIONAL CORPORATION**
Eleven Penn Center
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 665-3854 (telephone)
(215) 665-8760 (facsimile)

Attorneys for Plaintiff Minuteman Press International, Inc. and Robert Emmett

Dated: February 13, 2002

## CERTIFICATE OF SERVICE

I, John J. Jacko, III, hereby certify that on this 13th day of February 2002, I caused a copy of the foregoing Defendants Minuteman Press International, Inc.'s and Robert Emmett's Sur-Reply Memorandum In Support of Motion to Stay The Proceeding to be served via First-Class, U.S. Mail, postage prepaid, upon the following counsel of record:

>Robert J. White, Esquire
>P.O. Box 3005
>York, PA 17402
>
>and
>
>Marvin Beshore, Esquire
>**Milspaw & Beshore**
>130 State Street
>P.O. Box 946
>Harrisburg, PA 17108-0946
>
>and
>
>Charles Rees Brown, Esquire
>**Nicholas & Foreman, P.C.**
>4409 North Front Street
>Harrisburg, PA 17110

_John J. Jacko, III_