IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. SHAFFER,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN GRAYBILL AS AN INDIVIDUAL AND AS ADMINISTRATRIX OF THE ESTATE OF DENNIS M. GRAYBILL, MINUTEMAN PRESS INTERNATIONAL, INC., and ROBERT EMMETT,<br><br>Defendants. | CIVIL ACTION NO. 01-CV-1065<br>Judge Sylvia H. Rambo |

**DEFENDANTS MINUTEMAN PRESS INTERNATIONAL, INC.'S AND ROBERT EMMETT'S SUPPLEMENTAL AUTHORITY TO THEIR MOTION FOR RECONSIDERATION**

In furtherance of Defendants Minuteman Press International, Inc.'s and Robert Emmett's Motion for Reconsideration, attached hereto and incorporated herein by reference as supplemental authority is the Memorandum and Order of the Honorable Franklin S. Van Artwerpen of the United States District Court for the Eastern District of Pennsylvania, dated February 13, 2002 in the matter of *George Steedle v. Scott Zimmerman, Flo Zimmerman, Minuteman Press International, Inc. and Robert Emmett*, Civil Action No. 02-CV-0089,

concerning Defendants Minuteman Press International, Inc.'s and Robert Emmett's similar Motion to Stay Pending Arbitration, or, in the Alternative to Dismiss Plaintiff's Complaint.

Respectfully submitted:

Harris J. Chernow (PA I.D. No. 52577)
John J. Jacko, III (PA I.D. No. 67477)
**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**
Eleven Penn Center
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 665-3854 (telephone)
(215) 665-8760 (facsimile)

Attorneys for Plaintiff Minuteman Press International, Inc. and Robert Emmett

Dated: February 19, 2002

2

FILED  FEB 13 2002   Exh A.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE STEEDLE,<br>    Plaintiff<br><br>v.<br><br>SCOTT ZIMMERMAN, FLO ZIMMERMAN,<br>MINUTEMAN PRESS INTERNATIONAL,<br>INC., a New York Corporation, and ROBERT<br>EMMETT,<br>    Defendant. | No. 02-CV-0089<br><br>ENTERED<br>FEB 2002 |

Van Antwerpen, J.                                                    February 13, 2002

## MEMORANDUM AND ORDER

Plaintiff George Steedle purchased a preexisting Minuteman Press International, Inc. ("MMPI") printing franchise from Scott and Flo Zimmerman, signing a franchise agreement with Robert Emmett in his capacity as MMPI's Vice President and regional representative. Plaintiff's franchise was not lucrative, and he sued in Pennsylvania's Court of Common Pleas, alleging in various state and federal counts that the Zimmermans, MMPI and Mr. Emmett conspired to deceive him about the profitability of the franchise. Defendants removed the case to our court but Plaintiff has asked that we remand the case to Pennsylvania's Common Pleas court.

Defendants MMPI and Emmett moved to stay pending arbitration or dismiss Plaintiff's action, stating that Plaintiff did not arbitrate his claims against MMPI/Emmett, though he signed the MMPI franchise agreement's mandatory, non-binding arbitration clause, making arbitration a condition precedent to litigation. Furthermore, Defendants MMPI and Emmett contend that Plaintiff's complaint: lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); is improperly situated in the Eastern District of Pennsylvania, under Fed. R. Civ. P. 12(b)(3); fails to state a claim under Fed. R. Civ. P. 12(b)(6); and contains appended an improper and untimely Request for Production of Documents. The Zimmerman defendants filed a motion

joining in all of MMPI/Emmett's contentions.

At this time, we will not remand Plaintiff's case, which includes a federal question. However, we find that Plaintiff did agree to arbitration with MMPI/Emmett and did select the New York state and federal courts as the proper venue for any suit following arbitration. Accordingly, we will grant MMPI/Emmett's motion compelling arbitration and dismissing from our court claims against these defendants. Despite language to the contrary in the parties' franchise agreement, the parties must proceed to arbitration in the Eastern District of Pennsylvania, since Defendants' motion to compel arbitration was filed here.

On the other hand, we find that the Zimmermans possess no arbitration or forum selection agreements with Plaintiff. However, Plaintiff's federal and state claims alleging fraud were not pled with sufficient particularity, as required under Fed. R. Civ. P. 9(b). Accordingly we will deny the Zimmermans' 12(b)(1), 12(b)(3) and arbitration compulsion motions, but grant the Zimmerman's 12(b)(6) motion to the extent that Plaintiff will be required to amend his Complaint to plead his state and federal fraud and conspiracy counts with particularity. We will also grant the Zimmermans' motion to strike Plaintiff's discovery requests appended to his original complaint. If Plaintiff adequately re-pleads his case, he may thereafter reassert his discovery requests of the Zimmermans following all applicable Local and Federal Rules of Civil Procedure.

## DISCUSSION

I.  Subject Matter Jurisdiction

Defendants moved that we dismiss Plaintiff's case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and Plaintiff has asked that we remand to the state court where he originally brought his claims. We will do neither at this time.

2

Under 28 USC §1331, we have subject matter jurisdiction based on Count VII of Plaintiff's complaint, concerning a federal statute:18 USCA § 1964, regarding Racketeer Influenced and Corrupt Organizations ("RICO"). We discuss the sufficiency of Plaintiff's RICO pleading below. If Count VII of the Complaint is dismissed with prejudice at some later date, then we will no longer have federal question jurisdiction over this case. In the meantime, we may consider Plaintiff's Pennsylvania fraud, fraudulent inducement, negligent and intentional infliction of emotional distress and equitable claims by exercising our supplemental jurisdiction under 28 USC §1367(a), since all of his claims arise from the same actions by the same defendants.

II.    Arbitration

Plaintiff and Defendants MMPI and Emmett (the latter was MMPI's agent and a third-party beneficiary of MMPI's agreement with Plaintiff) provide copies of the franchise agreement signed between Plaintiff and Mr. Emmett on December 21, 1999. This contract contains, in part 23, an agreement to arbitrate "all claims arising out of or relating to this Agreement or the breach thereof." Plaintiff specifically initialed the two-page section compelling him to arbitration, and has provided no convincing factual or legal reason why this arbitration clause should not bind him.

Both parties agree that the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA") applies to the agreement between them. Minuteman's Motion at p. 4; Plaintiff's Motion at p. 2. The FAA clearly favors enforcement of arbitration agreements. 9 U.S.C. §2; Dean Witter Reynolds, Inc. V. Byrd, 470 U.S. 213, 221; 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ("[P]assage of the [FAA] was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered..."). We will apply the FAA's policy in granting MMPI/Emmett's motion.

3

The arbitration agreement specifies that arbitration should take place "at a hearing to be held in the State of New York in the county where Minuteman maintains its home office." However, under 9 U.S.C. §4, following <u>Econo-Car International, Inc. v. Antilles Car Rentals, Inc.</u>, 499 F.2d 1391 (3rd Cir. 1974), arbitration must take place "in the district court where the petition [to compel arbitration] is filed." Since Defendants have essentially filed with us a petition to compel arbitration, and we grant this petition, arbitration must be held in the Eastern District of Pennsylvania, following <u>Econo-Car</u>.

On the other hand, the Zimmermans have presented no indication of an arbitration agreement existing between themselves and the Plaintiff. We will split Plaintiff's claims against the Zimmermans from those against Minuteman and Emmett to honor the arbitration agreement between Plaintiff and Minuteman/Emmett, applying the holding in <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 19-20, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Supreme Court in <u>Moses</u> stated in relevant part,

> The latter dispute cannot be sent to arbitration without the Architect's consent, since there is no arbitration agreement between the Hospital and the Architect. It is true, therefore, that if Mercury obtains an arbitration order for its dispute, the Hospital will be forced to resolve these related disputes in different forums. That misfortune, however, ... occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement. <u>Id.</u>

III.  Venue

Defendants contend that venue is improper in our court under Fed. R. Civ. P.12(b)(3) because Plaintiff signed MMPI's franchise agreement. The latter requires Plaintiff to litigate any cases arising from the franchise relationship in specified New York state or federal courts. Specifically, the arbitration clause of the franchise agreement provides:

4

> [The] commencement of arbitration proceedings by an aggrieved party to settle disputes arising out of or relating to this Agreement is a condition precedent to the commencement of legal action by either party....[A]ny litigation shall be brought in the Supreme Court, of [sic] the State of New York located in the county where Minuteman has its home office, or in the United States District Court for the Eastern District of New York.

The Third Circuit in a footnote to Econo-Car interprets the Supreme Court to have held that "a forum-selection clause [is] binding upon the parties unless the respondent could meet the heavy burden of showing that its enforcement would be unreasonable, unfair or unjust." Id. at 1394 FN12, citing The Bremen et. al. v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). See also American Trade Partners, LP v. A-1 International Importing Enterprises, Ltd., 755 F.Supp. 1292, 1304 (E.D.Pa. 1990) ("A forum selection clause ... is a significant factor in determining venue and ordinarily will be accorded great weight."), citing Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Thus, we need not stay proceedings before us between Plaintiff and MMPI/Emmett, but can dismiss them, inasmuch as venue is inappropriate in the Eastern District of Pennsylvania regardless of the outcome of arbitration. As Defendants MMPI/Emmett contend, if arbitration fails, barring a showing of unreasonableness, the parties may proceed only in federal or state court in New York.

On the other hand, the Zimmermans and Plaintiff made no provision that the case be litigated in New York in their sales agreements. In fact, their agreements repeatedly mention the Commonwealth of Pennsylvania and Lancaster County. We find venue in the case between Plaintiff and the Zimmermans to be appropriate in the Eastern District of Pennsylvania.

III.    Failure to State Claims

Defendants move to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), for failure to state actionable claims. Because MMPI/Emmett are no longer before us for the reasons

5

discussed above, we address the 12(b)(6) motions only as to the Zimmerman Defendants.

In general, our federal courts have adopted a very light, notice pleading standard. Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996) ("[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom .... The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action."). However, as Defendants observe, fraud claims (including fraudulent inducement, conspiracy to commit fraud and RICO fraud) fall under Fed. R. Civ. P. 9(b), requiring that such claims be pled "with particularity."

Plaintiff has not pled his various fraud-related claims with sufficient particularity to enable us to proceed. We will grant the Zimmermans' 12(b)(6) motion, but only to the extent that Plaintiff must re-plead now with sufficient particularity. In particular, he must: 1) provide a general description of each fraudulent act and statement; 2) allege who made each statement and committed each act where and on which date – exhibits elucidating these allegations would be helpful; 3) generally plead the requisite mens rea of each Defendant; 4) state how Plaintiff relied on each fraudulent misrepresentation and how he was harmed by each; 5) name the "predicate acts" underpinning each alleged RICO violation, according to 18 U.S.C. §§1961-1962; 6) describe the "enterprise" which violated RICO according to 18 U.S.C. §1961(4); and 7) describe a "pattern of racketeering activity" violating RICO, showing relationship and continuity between any actions that did not involve Plaintiff and those that specifically involved him. See generally Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594 (3rd Cir. 1991), cert. denied, 505 U.S. 955, 112 S.Ct. 2300, 119 L.Ed.2d 224 (1992); American Trade Partners, 755 F.Supp. at 1292.

IV.    Improper Discovery Request

We strike Plaintiff's First Request for Production of Documents, appended to his original

6

Complaint, as premature and inappropriate under the requirements of Fed. R. Civ. P. 26(d) and Local R. Civ. P. 26.1(a), <u>inter alia</u>. Defendants will not be penalized in any way for their failure to respond to this Request as originally filed. Plaintiff may re-file such requests properly following Local and Federal Rules of Civil Procedure later if he is able to re-plead his complaint with sufficient particularity.

An order consistent with our findings in this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STEEDLE,<br>　　　Plaintiff | : | No. 02-CV-0089 |
| v. | : | |
| SCOTT ZIMMERMAN, FLO ZIMMERMAN,<br>MINUTEMAN PRESS INTERNATIONAL,<br>INC., a New York Corporation, and ROBERT<br>EMMETT,<br>　　　Defendant. | : | |

AND NOW, this 13th day of February, 2002, it is hereby ORDERED that:

1. Plaintiff's Motion to Remand, filed January 28, 2002, is DENIED.

2. Defendant Minuteman Press International, Inc.'s and Robert Emmett's Motion to Stay Pending Arbitration, or, in the Alternative, to Dismiss Plaintiff's Complaint, filed January 14, 2002, is GRANTED as to dismissal and Defendants Minuteman Press International, Inc. ("MMPI") and Robert Emmett ("Emmett") are dismissed from this case. We are satisfied that the making of an agreement for arbitration between Plaintiff, MMPI and Emmett is not at issue. Accordingly, Plaintiff, MMPI and Emmett must proceed to arbitration, following the dictates of the Federal Arbitration Act, 9 U.S.C. §1 et seq. This arbitration must take place within the Eastern District of Pennsylvania. If arbitration fails, Plaintiff, MMPI and Emmett may proceed to New York state court or the United States District Court for the Eastern District of New York.

3. Defendants Scott Zimmerman's and Flo Zimmerman's Motion to Stay Pending Arbitration or, in the Alternative to Dismiss Plaintiff's Complaint, filed January 28, 2002, is:

a) GRANTED to the extent that Plaintiff must re-plead his fraud, fraudulent inducement, conspiracy to commit fraud and 18 USCA § 1961 et seq. (Racketeer Influenced and Corrupt Organizations) counts with particularity;

b) GRANTED in that Plaintiff's First Request for Production of Documents to Each Defendant, set forth at the conclusion of Plaintiff's original complaint, is STRICKEN; and

c) DENIED in all other respects.

BY THE COURT:

_____
Franklin S. Van Antwerpen, U.S.D.J.

## CERTIFICATE OF SERVICE

I, Harris J. Chernow, hereby certify that on this 19th day of February 2002, I caused a copy of the foregoing Amendment to Footnote 1 of Defendants Minuteman Press International, Inc.'s and Robert Emmett's Answer to Plaintiff's Complaint and First Amended Complaint Together With Affirmative Defenses and Counterclaim to be served via First-Class, U.S. Mail, postage prepaid, upon the following counsel of record:

>Robert J. White, Esquire
>P.O. Box 3005
>York, PA 17402

>and

>Marvin Beshore, Esquire
>**Milspaw & Beshore**
>130 State Street
>P.O. Box 946
>Harrisburg, PA 17108-0946

>and

>Charles Rees Brown, Esquire
>**Nicholas & Foreman, P.C.**
>4409 North Front Street
>Harrisburg, PA 17110

_____
Harris J. Chernow