IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. SHAFFER,     :     CIVIL NO. 01-CV-1065
                        :
    Plaintiff           :
                        :
    v.                  :
                        :
SUSAN GRAYBILL AS AN    :
INDIVIDUAL AND AS       :
ADMINISTRATRIX OF THE   :
ESTATE OF DENNIS M. GRAYBILL, :
MINUTEMAN PRESS         :
INTERNATIONAL, INC. and :
ROBERT EMMETT,          :
                        :
    Defendants          :



**MEMORANDUM**

Before the court are: (1) Defendants Minuteman Press International, Inc.'s ("MMPI") and Robert Emmett's motion for reconsideration of the court's order of December 21, 2001; (2) Plaintiff's motion to strike Defendants' motion for reconsideration; (3) Plaintiff's motion for reconsideration; and (4) Defendants' motion to stay proceedings. The parties have briefed the issues, and the matters are ripe for disposition.

I.      **Plaintiff's Motion to Strike Defendants' Motion for Reconsideration**

On December 21, 2001, the court issued an order granting in part and denying in part Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 8, 2002, Defendants filed a motion for reconsideration of that portion of the court's order denying Defendants' motion to

dismiss. On January 18, 2002, Plaintiff filed a motion to strike Defendants' motion for reconsideration as untimely.

Plaintiff argues that Defendants' motion was not filed in a timely fashion according to Local Rule 7.10, which requires that motions for reconsideration be filed within ten days after entry of the applicable order. Because the court entered the order on December 21, 2001, the period in which to file the motion for reconsideration expired on Monday December 31, 2001.

However, according to Rule 6(a) of the Federal Rules: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule . . . 'legal holiday' includes New Year's Day, . . . [and] Christmas Day." Applying this form of computation to Defendants' motion, the motion was not due until January 8, 2002 – the day that it was filed. Because the motion was filed on time, the court will deny Plaintiff's motion to strike.

II.     **Plaintiff's motion for reconsideration**

Plaintiff filed his motion for reconsideration, along with his response to Defendants' motion for reconsideration, on January 18, 2002. As previously stated, the court issued its order on December 21, 2001. Therefore, Plaintiff had until January 8, 2002 to file a motion for reconsideration. Plaintiff did not file his motion for reconsideration until ten days after the deadline. The motion is not timely, and the court will strike it as untimely.

### III. **Defendants' motion for reconsideration**

#### A. **Legal Standard**

A motion for reconsideration does not give a litigant a second bite of the apple to reargue his position. Reconsideration motions will be granted only where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

#### B. **Discussion**

Defendants seeks reconsideration of the portion of the court's order denying Defendants' motion to dismiss Plaintiff's claims for fraud, fraudulent misrepresentation, and civil conspiracy. In particular, Defendants contend that the court committed a clear error of law by concluding that the instant litigation is not precluded by the arbitration clause in the franchisee agreement.

The court has reviewed its decision on the motion to dismiss and has determined that it did not make a clear error of law. The memorandum accurately sets out the court's reasoning. The court will not rehash its argument here. Because the court did not commit a clear error of law, Defendants' motion for reconsideration will be denied.

### IV. **Defendant's Motion to Stay**

On January 18, 2002, Defendants filed an interlocutory appeal with the Third Circuit Court of Appeals. Defendants seek an appeal of that portion of the

3

court's order of December 21, 2001 that denied Defendants' Rule 12(b)(6) motion to dismiss. Defendants now move to stay the instant litigation pending resolution of that appeal.

On February 4, 2002, the Third Circuit issued an order staying the appeal until this court disposed of the then-pending cross motions for reconsideration. The court's order attached to this memorandum disposes of these motions. Accordingly, the court will grant Defendants' motion to stay these proceedings pending outcome of its appeal.

IV.     **Conclusion**

In accordance with the foregoing discussion, the court will deny: (1) Plaintiff's motion to strike Defendants' motion for reconsideration; and (2) Defendants' motion for reconsideration. Additionally, Plaintiff's motion for reconsideration will be stricken. The court will grant Defendants' motion to stay the instant matter pending resolution of Defendants' appeal to the Third Circuit. An appropriate order will issue.

                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: March 6, 2002.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  1:01-cv-01065    Shaffer v. Graybill

True and correct copies of the attached were mailed by the clerk to the following:

Robert J. White, Esq.
P.O. Box 3005
York, PA  17402

Marvin Beshore, Esq.
Milspaw & Beshore
130 State Street
P.O. Box 946
Harrisburg, PA  17108-0946

Charles P. Brown, Esq.
Nicholas & Foreman, P.C.
4409 North Front Street
Harrisburg, PA  17110

Harris J. Chernow, Esq.
Arthur L. Pressman, Esq.
John J. Jacko III, Esq.
Pearlette V. Toussant, Esq.
Buchanan Ingersoll Professional Corporation
Eleven Penn Center, 14th Floor
1835 Market St.
Philadelphia, PA  19103-2895

cc:
| | | | |
|---|---|---|---|
| Judge | (X) | ( ) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Other_____ | ( ) | | |

MARY E. D'ANDREA, Clerk

3-5-02