NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1260

MICHAEL SHAFFER

v.

SUSAN GRAYBILL, as an Individual and as Administratrix
of the Estate of Dennis M. Graybill;
MINUTEMAN PRESS INTERNATIONAL, INC.;
ROBERT EMMETT

Minuteman Press International, Inc.; Robert Emmett
                         Appellants

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cv-01065)
District Judge: Hon. Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before: SCIRICA, Chief Judge, SLOVITER and NYGAARD, Circuit Judges

(Filed: July 3, 2003 )

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Before us is an appeal by Defendants Susan Graybill, Minuteman Press International, Inc. and Robert Emmett from the District Court's order denying reconsideration of its earlier order denying Defendants' motion to dismiss or, in the alternative, to stay the action pending arbitration. Although we ordinarily do not have jurisdiction over an appeal from an order denying a motion to dismiss, section 16(a) of the Federal Arbitration Act ("FAA") provides that an appeal may be taken from an order refusing a stay of any action seeking arbitration under section 3 of the FAA. See 9 U.S.C. § 16(a). We note as a preliminary matter that federal policy favors arbitration. See Medtronic Ave, Inc. v. Advanced Cardiovascular Systems, 247 F.3d 44, 55 (3d Cir. 2001).

## I.

### Introduction

Michael A. Shaffer, a former Minuteman Press franchisee located in Lemoyne, Pennsylvania, commenced this action in the Court of Common Pleas of Cumberland County, Pennsylvania. Shaffer named as Defendants Susan Graybill, who, with her now deceased husband Dennis Graybill sold Shaffer the franchise, Minuteman Press International, the franchiser, and Robert Emmett. The complaint sought damages for negligence, fraud, fraudulent misrepresentation, civil conspiracy, and emotional distress, as well as declaratory relief. The case was subsequently removed to the United States

District Court for the Middle District of Pennsylvania.

Minuteman Press is a New York corporation which offers and sells franchises to "Minuteman Press Full Service Printing Centers," which are printing and copying centers. Robert Emmett is an agent for Minuteman. Susan Graybill and Dennis Graybill, residents of Pennsylvania, owned and operated a Minuteman Franchise in Lemoyne, Pennsylvania. Beginning in November of 1999, Shaffer entered into discussions with Emmett for the purchase of a Minuteman franchise. On September 6, 2000, Shaffer and the Graybills entered into an asset purchase agreement with respect to the Lemoyne Minuteman Franchise. At the same time, Shaffer negotiated a franchise agreement with Minuteman through its representative, Emmett.

Paragraph 23 of the franchise agreement contains an "Arbitration and Litigation" clause which provides that the "Federal Arbitration Act shall apply to all claims arising out of or relating to this Agreement or the breach thereof . . . Any controversy or claim arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration." App. at 119.

Shaffer claims that approximately five months after he entered into the franchise, the business failed to perform as promised. He filed this action alleging, among other things, that Defendants conspired to fraudulently induce him to purchase the Lemoyne Franchise. Asserting that all of Shaffer's claims are subject to an arbitration agreement between the parties, Defendants filed a motion to dismiss the claims raised or, in the

alternative, to stay proceedings pending arbitration of such claims, pursuant to section 3 of the FAA.  On December 21, 2001, the District Court issued an order and memorandum denying Defendants' motion for relief and refusing to enforce the parties' arbitration agreement.  Defendants' motion seeking reconsideration was denied, and they timely filed this appeal.

## II.

### Discussion

Under the FAA, a court, on application of one of the parties to an agreement to arbitrate, must stay a judicial action commenced in that court which is the subject of an arbitration clause or, in the alternative, must dismiss any arbitrable claims.  9 U.S.C. §§ 3-4.  In the current case, it is undisputed that the arbitration clause applies to the claims brought by Shaffer.  However, Shaffer alleges that the arbitration clause is unenforceable because it is a contract of adhesion as he had no bargaining power when he entered into the contract, the contract was dictated on a "take it or leave it basis" and the arbitration agreement is required of all those who wish to purchase a franchise.  App. at 47.  Finding that these allegations amounted to a valid cause of action, the District Court denied Defendants' motion to stay the action pending arbitration.  On appeal, Defendants argue that the District Court erred in not staying the proceedings pending arbitration.  We exercise plenary review over the legal questions concerning the applicability and scope of an arbitration agreement.  Medtronic, 247 F.3d at 53.

The FAA makes agreements enforceable to the same extent as other contracts, and federal law presumptively favors the enforcement of arbitration agreements. <u>Harris v. Green Tree Financial Corp.</u>, 183 F.3d 173, 178 (3d Cir. 1999). Thus, while states may regulate contracts, including arbitration clauses, they must be careful that state law does not contravene policies under the FAA and congressional intent to favor arbitration clauses. <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 686 (1996). In the current case, the District Court appears to have overlooked the strong policy favoring the enforcement of arbitration agreements. Furthermore, the court's conclusion that Shaffer presents a "valid cause of action," vis-á-vis his contract of adhesion allegations, does not follow from the facts presented.

Quoting from Black's Law Dictionary, Pennsylvania has defined a contract of adhesion as a:

> standardized contract form offered to consumers of goods and services on [an] essentially 'take it or leave it' basis without affording [the] consumer [a] realistic opportunity to bargain and under such conditions that [the] consumer cannot obtain [the] desired product or services except by acquiescing in [the] form contract.

<u>Denlinger, Inc. v. Dendler</u>, 608 A.2d 1061, 1066 (Pa. Super. Ct. 1992). In <u>Denlinger</u>, the Pennsylvania Superior Court noted that whether a contract is one of adhesion must be determined on an individual basis by looking at the particular circumstances involved. <u>Id.</u> at 1067.

Without explanation, the District Court simply quoted from Denlinger, reiterated Shaffer's allegations regarding the arbitration agreement, and concluded that the allegations amounted to a valid cause of action so that it would not dismiss the complaint on the basis that the FAA prohibited the court from hearing the matter. We conclude that the District Court erred in so holding.

As a preliminary matter, it appears that the District Court conflated two distinct doctrines, namely that of fraud in the inducement and adhesion contracts. Before addressing Shaffer's allegations that the arbitration clause was a contract of adhesion, the District Court presented the legal principles guiding a court's power to adjudicate claims that there is fraud in the inducement of arbitration clauses. It should be noted that Shaffer does not allege, and the District Court did not find, that there was fraud in the inducement of the arbitration clause. As to the arbitration clause, Shaffer solely alleges that it is a contract of adhesion.

We are unaware of any relevant cases in which the court has found an adhesion contract when dealing with the purchase of a franchise rather than a consumer purchase. Cf. J & R Ice Cream v. California Smoothie Licensing, 31 F.3d 1259 (3d Cir. 1994) (holding commercial franchises are not covered by New Jersey Consumer Fraud Act because they are businesses and not consumer goods). Furthermore, in Denlinger itself, the court expressed its lack of concern for unequal bargaining power when neither of the parties involved were consumers. 608 A.2d at 1066. The court concluded that the

Appellant was an experienced businessman in spite of his repeated argument that he was only a high school graduate. Id.; see also AAMCO Transmissions, Inc. v. Harris, 1990 WL 83336, at *4 (E.D.Pa. 1990) (holding that a franchise contract requiring franchisee to waive right to jury trial was not adhesion contract as franchisee was "perfectly free to reject the deal"). Similarly, we see no reason to view Shaffer as anything but an experienced businessman who was free to reject the deal at issue.

Furthermore, an adhesion contract that will not be enforced must be one that is unconscionable or oppressive, unreasonably favoring one party over another. See, e.g., Gilmore v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991); Seus v. John Niveen & Co., Inc., 146 F.3d 175, 184 (3d Cir. 1998); Witmer v. Exxon Corp., 434 A.2d 1222, 1228 (1981). In this case, the arbitration clause clearly did not favor one party over another as it equally applied to both parties.

In sum, we see no support in the record of unequal bargaining power or unconscionability to support the District Court's conclusion that Shaffer's allegations sufficiently stated a cause of action. This lack of support coupled with the presumptive enforcement of arbitration agreements leads us to conclude that the District Court improperly denied Defendants' motion to stay the proceedings pursuant to arbitration.

### III.

### Conclusion

The actions commenced by Shaffer against Defendants are subject to a previously agreed upon arbitration clause which provides for arbitration in the state of New York. Because a district court may not compel arbitration outside the district in which it sits, 9 U.S.C. § 4, the order of the District Court refusing to stay the action is reversed and the court is directed to dismiss the action or, after giving the parties the opportunity to be heard, transfer the action to an appropriate district court in New York where the court will presumably stay the action and direct arbitration.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge